## HENNESSY v. SWEENEY.

(Municipal Court of City of New York, Eighth District. December 4, 1898.)

1. CONFLICTING ORDERS OF SAME COURT—COLLATERAL ATTACK.

Conflicting orders made by a court of superior jurisdiction cannot be collaterally attacked in a court of inferior jurisdiction, and, until modified or vacated by the court making them, must be obeyed.

2. MORTGAGES—RECEIVERS—CONFLICTING APPOINTMENTS.

A receiver appointed in a suit to foreclose a senior mortgage is entitled to recover from the tenant the rents accruing after his appointment, as against a receiver appointed under a junior mortgage prior to the appointment of the receiver under the senior mortgage, though both appointments were made by the same court, and the order appointing the receiver under the junior mortgage was neither revoked nor modified at the time of the appointment of the receiver under the senior mortgage.

Action by Walter G. Hennessy, as receiver, against Henry S. Tuthill, to recover rents. The money was paid into court, and Arthur Sweeney, as receiver, was interpleaded as defendant. Judgment for defendant.

James A. Lynch, for plaintiff receiver.
John Hardy, for defendant receiver.

ROESCH, J. There were several mortgages on the premises known as the "Mount Harmon Flats." Walter G. Hennessy was duly appointed receiver of the rents thereof on March 15, 1898, in a foreclosure suit of the third mortgage. As such he collected the rents for the months of April, May, June, and July, 1898. Arthur Sweeney was appointed receiver on July 21, 1898, in a foreclosure suit of the second mortgage, which covered the premises mentioned, and others known as the "Northfield Flats." Receiver Hennessy, though in possession at the time of the second foreclosure, was not made a party, but the third mortgagors were made defendants therein. Nor had Receiver Hennessy any notice of the application for the appointment of Receiver Sweeney. But the affidavits upon which the latter was appointed disclose to the court the fact of the Hennessy receivership. The second mortgage contained a clause allowing the mortgagee, in case of default, to apply without notice for the appointment of a receiver as a matter of right, regardless of the value of the premises, or the insolvency of the mortgagors; and another "pledging and assigning the rents and profits of the premises to the mortgagee, his legal representatives and assigns." Both receivers were appointed by the supreme court. The order appointing Receiver Hennessy was never vacated, nor in any way modified, nor was it extended to the second receivership. Each receiver demanded the rents for the months of August, September, and October. Some tenants paid to Receiver Hennessy, others to Receiver Sweeney. A tenant named Henry S. Tuthill was sued, and paid his rent, amounting to $450, into court. By an order made by Justice Kadien, Receiver Sweeney was interpleaded in this action as defendant. Both receivers, then,

are now before this court as rival claimants for the rents mentioned. Receiver Sweeney does not claim any rents collected by Receiver Hennessy, nor does he claim any which became due prior to his appointment. The rents in question became payable subsequent to the appointment of Receiver Sweeney.

So far as this court is concerned, both orders must be respected. Each must be obeyed until vacated, modified, or extended. Nor can they be collaterally attacked, and certainly not in this court of purely statutory jurisdiction without equity powers. The opposite view would, in effect, call upon this court to usurp the functions of the forum in which both receivers were appointed. Both orders are to be given their proper force, each in its appropriate sphere. 20 Am. & Eng. Enc. Law, 136; Gould v. Root, 4 Hill, 554; People v. Sturtevant, 9 N. Y. 266; Culross .v. Gibbons, 130 N. Y. 454, 29 N. E. 839; Pinckney v. Hagerman, 4 Lans. 374. The question is therefore presented as to the effect of a subsequent receivership under a senior mortgage foreclosure upon a prior receivership under a junior mortgage, as to rents which become due after the appointment of the second receiver. It has never been passed upon in our state in this precise form. The court will recognize a lien upon rents in favor of the diligent mortgagee who first obtained the appointment of a receiver, and will not disturb such lien, nor compel the transfer of such rents already collected to a subsequent receivership. But a subsequent receivership under a prior mortgage will supersede the former, and such latter receiver will thereafter be entitled to the rents to the exclusion of the former. The case of Osborn v. Heyer, 2 Paige, 342, does not apply, for it was the ordinary case of a receivership at the instance of a creditor, when the court would not appoint a second receiver, enjoined the debtor from further disposing of his property, and compelled him to transfer it to the receiver already appointed. It is true that in Bailey v. Belmont, 10 Abb. Prac. (N. S.) 273, it is stated that a later appointment of a receiver must be subject to any other prior judicial authority under which funds are held. But this was not a foreclosure suit, but an action in behalf of holders of certificates for their payment out of a fund against which other holders likewise claimed, and the court would not incumber the fund with additional receiverships. So Wiltsie, in his work on Mortgage Foreclosures (page 799), says, "When a second receiver is appointed in a subsequent suit, the duties of such second receiver will be subordinate to those of the first one;" but he cites no authority to support his text, and, on the contrary, on page 807, states that the appointment of a receiver under a junior mortgage "will always be without prejudice to the right of every prior mortgagee." An examination of Howell v. Ripley, 10 Paige, 43, and the elaborate note to it in 4 Desty's Lawy. Co-op. Ed. 878, sustains both propositions laid down above. See, also, Post v. Dorr, 4 Edw. Ch. 412. As is said in the note mentioned: "The prior mortgagee is only entitled· to the rents and profits at the time of the appointment of the receiver in his suit and such as accrued thereafter. The junior mortgagee was entitled to all the rents and profits in the posses-

sion of the receiver in his suit at the time the receiver in the suit of the prior mortgagee was appointed." Williamson v. Gerlach, 41 Ohio St. 684. The case of Insurance Co. v. Fleischauer, 10 Hun, 119, does not avail the plaintiff, though quoted by him, for in that case the prior mortgagee had not had a receiver appointed, and yet claimed the rents. The case rather supports the view of the defendant. The opinion of Judge Daniels plainly declares, at page 119, that from the time of favorable action upon the application for a receiver under earlier incumbrances the special clause of the order made in favor of the first applicant for a receivership would have been suspended. He cites the cases of Howell v. Ripley, 10 Paige, 43, and Post v. Dorr, 4 Edw. Ch. 412, with approval.

The question under discussion arose indirectly in Ranney v. Peyser, 83 N. Y. 1. The plaintiff, in an action to foreclose a second mortgage, had himself appointed receiver, and collected the rents. Subsequently one Maas foreclosed the first mortgage on the same property, but had no receiver appointed. On the sale under Maas' judgment of foreclosure there was a deficiency, and Maas moved to compel the receiver in the Ranney action to pay the taxes on the premises. The special term denied the application. This was reversed by the general term, but the court of appeals sustained the special term and reversed the general term. Judge Rapallo wrote the opinion, wherein he says:

"The plaintiff procured the receivership of the rents of the mortgaged premises for his own behalf as junior mortgagee. He did not obtain it for the benefit of Maas, the prior mortgagee, who was not a party to the proceeding, nor even to plaintiff's foreclosure, and had nothing to do with the receivership. If the plaintiff had not obtained it, the rents would have gone to Peyser, the mortgagor. Maas, if he deemed the mortgaged premises an insufficient security, had the right, on the foreclosure of his mortgage, to apply for a receivership of the rents for his own benefit, and this would have superseded the rights of the plaintiff as to subsequently accruing rents, as the mortgages held by Maas were prior to that held by the plaintiff."

An examination of the tables of cases shows that the case of Ranney v. Peyser, upon the point in question, was not again passed upon until the case of Holland Trust Co. v. Consolidated Gas & Electric Light Co., 85 Hun, 455, 32 N. Y. Supp. 830. Mr. Justice Cullen there held that a receiver under a senior mortgage would be appointed in a proper case, notwithstanding a receiver had been previously appointed in the foreclosure of the junior mortgage, for the earlier receivership inured solely to the benefit of the junior mortgagee. He then construes Ranney v. Peyser, 83 N. Y. 1, to hold "that a prior mortgagee, to reach the rents of mortgaged property, must obtain a receiver in his own action, who, when appointed, would supersede the other receiver." These authorities are conclusive upon this court. The case at bar is even stronger because of the assignment of the rents and the contract rights to them which became vested in the second mortgagee, and with which the court will not interfere. Butler v. Frazer (Sup.) 57 N. Y. Supp. 900. As the later receivership under the senior mortgage supersedes the earlier under the junior incumbrance, and the rents in dispute became due after such later appointment, the amount deposited with the clerk

·of·the court pursuant to the order of interpleader herein belongs to Receiver Sweeney, and there must, accordingly, be judgment for ʀthe defendant.