## ANDERSON v. MATTHEWS, ET AL.

MORTGAGE — APPOINTMENT OF RECEIVER OF RENTS AND PROFITS IN AN ACTION TO FORECLOSE.

1.   Under the statute, in an action to foreclose a mortgage, a receiver may be appointed of the rents and profits of the mortgaged property, where it appears that the property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt.

2.   Where the appointment of a receiver of rents and profits, in an action to foreclose a mortgage, is general in character, and not limited to a particular incumbrancer, the fund will be distributed according to the priorities of the mortgage liens held by the parties to the suit.

3.   The mortgagee holding the superior lien is entitled to a prior right to a sequestration of the rents and profits and to the benefit thereof, upon pursuing the proper remedy to enforce that right.

4.   Until the mortgagee holding a superior lien pursues the proper remedy to enforce his right to a receiver of rents and profits, a junior mortgagee who may have instituted proceedings and obtained a receiver, is, in the meantime, entitled, even as against the prior incumbrancer, to the benefits of the receivership, in case the appointment has been limited to his claim.

5.   Where a junior mortgagee has brought suit to foreclose his mortgage and obtained a receiver for his benefit, and thereafter the senior mortgagee, who is a party to the suit, applies for a receiver for his benefit and makes the proper showing therefor, the latter is entitled to have the receivership extended to include his claim so far as the funds thereof subsequently accruing shall be necessary to the satisfaction of his debt, or to the appointment of a new receiver for his benefit, as the circumstances of the case may seem to require.

6.   Where, in such case, the validity of the original appointment is questioned, upon the ground of its having been made before the commencement of the suit, not only by the senior mortgagee but by an alleged grantee of the mortgagor, the senior mortgagee should not be required to defend the origi-

nal order, by merely extending the receivership to his claim, but a new appointment should be made ; and the junior mortgagee should be allowed to participate in the surplus, if any, of such new receivership, after the debt of the first mortgage is discharged.

[Decided November 13, 1899.]

ERROR to the District Court, Sweetwater County, HON. DAVID H. CRAIG, Judge.

The material facts are stated in the opinion.

*E. E. Enterline* and *D. A. Reavill*, for plaintiff in error.

A receiver can not be appointed until the action is pending. (Smith on Receivers, 35, 602; Beach on Rec., 50; High on Rec., 17; 2 Beach Mod. Eq., 931, 970; 20 Ency. L., 24; Bank v. Kent, 43 Mich., 296; Jones v Schall, 45 id., 379; Pressly v. Harrison, 102 Ind., 18; State v. Bank (Ind.), 44 N. E., 585; Jones v. Bank (Colo.), 17 Pac., 272; Min. & Smelt'g Co. v. Holleman (Ida.), 27 id., 413; Guy v. Doak (Kan.), id., 968; Seibert v. Switzer, 35 O. St., 661; Ry. Co. v. Sloan, 31 id., 1.)

A receiver is not a party to the suit in which he is appointed, nor is he permitted to resist an application for another receiver. (20 Ency. L., 227; In re Calvin, 3 Md., Ch. 302; Engle v. Ry. Co., 14 Fla., 266.)

The prior mortgagee, a party to the suit, made the statutory showing entitling him to a receiver.

*John H. Chiles* and *John F. Mail*, for defendant in error Matthews.

A summons need not be issued to authorize the appointment of a receiver or the granting of an injunction. (R. S., Secs. 2935, 2921, 2924.) The action is not required by the statute to be commenced or pending before the order is made. Again, the appointment is not perfected until the bond is filed and oath taken. (R. S. 2937; Smith Rec., 73, 74; Re Schuyler, etc., 136 N. Y., 169; Re

Eagle Iron Works, 8 Paige, Ch. 383; Noyes v. Rich, 52 Me., 115.)

An application for the vacation of an order appointing a receiver must be made in apt time, or it comes too late. (Smith Rec., 69; Palen v. Bushnell, 13 N. Y. Supp., 785; Battershall v. Davis, 31 Barb., 323; Manhattan T. Co. v. Seattle, 16 Wash., 499; Burton v. Schilbach, 45 Mich., 504; Skinner v. Lucas, 68 id., 432; 20 Ency. L., 109; Guy v. Doak, 27 Pac., 968; 64 N. W., 395; 13 Abb. Pr., 12; 65 Ala., 174.)

The removal of a receiver rests in the sound discretion of the court. (Smith Rec., 559.)

POTTER, CHIEF JUSTICE.

It appears by the pleadings in this case, that on the 24th day of July, 1895, Charles H. Bussey and wife made and executed a first mortgage to John H. Anderson to secure the sum of four thousand dollars, and a second mortgage to Hannah Matthews to secure the sum of one thousand and ninety-nine dollars; both mortgages covering the same real estate, situated in the town of Rock Springs. The debt secured in each case was to become due in one year after date.

On the 29th day of January, 1897, Hannah Matthews filed in the office of the clerk of the district court a petition setting up the note given for the debt due her, and the mortgage securing it, and praying for judgment against Bussey and wife for the sum due, and a foreclosure of the mortgage by a sale of the mortgaged premises. It is alleged in the petition that default has occurred in the conditions of the mortgage, in that no part of principal and interest has been paid; and further that the mortgaged premises are wholly insufficient to satisfy the first mortgage held by Anderson, and that held by the plaintiff; that the mortgagors are wholly insolvent, and are non-residents of this State; that there are rents and profits arising from the property amounting to ninety dollars per month; and that plaintiff has no way of realizing

upon her claim except through the rents and profits of the mortgaged premises.   The tenants occupying the property, and John H. Anderson, are made parties defendants, and the appointment of a receiver is prayed for to collect the rents and profits "*for the use and benefit of this plaintiff.*"

On the following day — January 30 — the district judge upon consideration of the petition ordered that Herriot Riddle be appointed receiver, "*for the purpose stated in the petition,*" upon his giving an undertaking in the sum of one thousand dollars to be approved by the clerk, and upon filing an oath to faithfully perform his duties as such receiver.   It was further ordered that upon qualifying as aforesaid, the receiver should enter upon, and assume, the duties of such receiver, and should have power to take possession of the mortgaged property, to lease, rent, and sublet the same, and collect all rents and revenues therefrom, " that may be now due," subject to the further orders of the court.

In the same order all persons occupying the premises were required to pay to the said receiver all money due Bussey or wife for rents and profits thereof, and also all money thereafter accruing as rents and profits of said premises; and the defendants were each and all enjoined from interfering with said receiver in the discharge of his duties.

Three days after the making of the above-mentioned order, viz: the second day of February, 1897, a precipe for summons was filed in the cause, and a summons was issued, which, however, was not served upon either Bussey or his wife, as they could not be found within the county.   Some months later, service was had upon them by publication.   On the second day of February, also, the receiver filed his bond and oath.

Subsequently, the defendant Anderson filed an answer and cross petition.   By the cross petition he sought a personal judgment upon the note, which evidenced the sum due him, and a foreclosure of his mortgage.   He claimed

a paramount lien upon the premises; and, without alleg-
ing any equitable ground therefor, prayed that the receiver
already appointed be ordered to pay over the rents and
profits for his, Anderson's, benefit.

On the twenty-fifth day of January, 1898, Anderson,
by leave of court, filed an amended answer and cross peti-
tion, in which a payment of one thousand dollars upon
the note held by him was alleged; and also that Bussey
and wife are non-residents of Wyoming, and that Bussey,
the maker of the note, is wholly insolvent. It is further
alleged that the mortgaged property does not exceed in
value three thousand dollars, and is insufficient to satisfy
the mortgage lien held by said defendant, and that he has
no way of realizing the full amount of the debt due him,
except through the rents and profits to be derived from
the property, together with the proceeds to come from its
sale. The rents are alleged to amount to seventy dollars
a month. It is also averred that he, Anderson, has paid
out certain moneys for insurance upon the buildings. The
prayer of the amended cross petition is for judgment and
foreclosure, and in addition thereto, that a receiver be
appointed, pendente lite, to collect the rents and profits
for the use and benefit of said defendant Anderson; and
that upon the final hearing a receiver be appointed to
assume charge of the mortgaged real estate after judg-
ment and until a deed is executed under foreclosure pro-
ceedings, and to collect the rents and profits for said
defendant's use and benefit.

On the day following the filing of the amended answer
and cross petition, Anderson filed a motion for the appoint-
ment of a receiver in his behalf, and for the vacation of
the former order appointing Herriot Riddle as receiver.
This motion was heard on the 29th day of January, 1898,
and resulted in a denial of the motion, which was excepted
to. A notice of hearing upon the motion was served upon
the attorney of record for the plaintiff; and Anderson's
co-defendants, except Bussey and wife, in writing, waived
service of notice; and, as to Bussey and wife, it was

shown by affidavit that they were non-residents, and out of the State, and that personal service of notice could not be had upon them. They had not appeared in the action. The controversy in the case arises solely between the two mortgagees — Anderson and Hannah Matthews. The proceedings are not questioned by Bussey or his wife, nor by anyone for them.

The order denying the motion of Anderson makes no mention of the appearance of Hannah Matthews; but it is stated that Herriot Riddle, the receiver, appeared by counsel; said counsel, it is to be noted, is the plaintiff's attorney of record.

The motion was twofold: First, to vacate the order appointing Riddle as receiver, on the ground that neither the court nor judge thereof had jurisdiction to make the order. Second, to appoint a receiver, pendente lite, for the sole benefit of said Anderson.

In this court, error is predicated upon; first, the order appointing a receiver upon the filing of the petition; and second, the order denying the motion to vacate that appointment, and refusing to appoint a receiver for the benefit of the defendant Anderson.

The objection urged to the order appointing Riddle as receiver is that it was made before the commencement of the action, and, therefore, without jurisdiction. It is insisted that, as summons had not issued when the order was made, the action had not been commenced.

We think it unnecessary, in any phase of this case, to decide whether the court or judge was without jurisdiction to make the first order appointing the receiver upon the application of the second mortgagee. The jurisdiction is attacked upon the sole ground that the action had not been commenced at the time when the order was made. It does not appear that the first mortgagee, who questions the validity of the proceedings, was in possession of the property, or that he had otherwise secured a right to the rents and profits of the mortgaged property. He was therefore not affected or prejudiced by the order, and is

therefore in no position to complain of the alleged absence of jurisdiction. Again, as will more fully appear, in considering the defendant's application for a receiver for his benefit as the first mortgagee, his rights in that respect do not depend upon the validity or invalidity of the former appointment.

The essential feature of the motion of plaintiff in error is that a receiver be appointed, as prayed for in the amended answer and cross petition, pendente lite, for the uses and purposes therein set forth, for the sole benefit of the plaintiff in error.

The motion is accompanied by the affidavits of six residents of the town of Rock Springs, where the property is situated, showing their acquaintance with the property, and stating that its value, including the improvements thereon, is about three thousand dollars; that the improvements are worth not to exceed two thousand dollars, and without them the land would be worth only about one thousand dollars. Each affiant states that he is acquainted with the values of real estate in the above-mentioned town.

The defendant Anderson, in connection with the motion, also made oath as to the values, stating that the improvements are worth two thousand dollars, and the land one thousand dollars. He also states in his affidavit that he has paid one hundred and five dollars under the provisions of his mortgage for insurance upon the buildings, which has not been repaid to him, and, in addition thereto, eighty-two dollars and ninety-five cents for taxes. The answer and cross petition is verified. It shows the debt due defendant to have been originally four thousand dollars, bearing interest at one per cent per month; and that one thousand dollars was paid on December 11, 1897. Giving credit for that amount and including interest, and expenditures for insurance and taxes, the amount due him when his amended pleading was filed and his motion for a receiver made, would somewhat exceed the original principal sum of four thousand dollars. The proof that

the property was not worth to exceed three thousand dollars was not controverted.

Upon the evidence, therefore, in support of the motion, which stands entirely uncontradicted, it appears that the property itself is insufficient to discharge the debt, not only of the second, but of the first, mortgagee as well. Both parties to this contest allege the total insolvency of the mortgagors.

The question before us then, is, Did the district court err in refusing to either vacate the former order appointing a receiver, or to modify it so as to extend the receiver for the benefit, in part, at least, of the first mortgagee; or in denying the application of the latter for a new receiver?

If the original order of appointment is to stand, it is manifest that some modification of it is essential, to permit any benefit from the receivership to inure to the use of the plaintiff in error. As stated in the order, the receiver was appointed '' for the purpose stated in the petition of the plaintiff.'' This evidently refers to the prayer of the petition which asks for a receiver '' for the use and benefit of this plaintiff.''

In this country there is some conflict in the decisions respecting the power of a court of equity to appoint a receiver of the rents and profits of mortgaged real estate, in an action to foreclose the mortgage. The weight of authority, however, probably sustains the power, and its exercise in a proper case. Schreiber v. Carey, 48 Wis., 208; First National Bank v. Illinois Steel Co. (Ill.), 51 N. E., 200.

In this State the question seems to be settled in favor of the power by statute. It is provided by Section 2935, Revised Statutes of 1887, as follows: '' A receiver may be appointed by the district court, or by a judge thereof, in the following cases: '' * * * ''Second,— In an action by a mortgagee for the foreclosure of his mortgage and sale of mortgage property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mort-

gage has not been performed and the property is probably insufficient to discharge the mortgage debt."

In the case at bar the controversy arises between two mortgagees. Our inquiry is to be directed, therefore, to the rule as between the holders of senior and junior mortgages, where the right to appropriate the rents and profits pending an action to foreclose and until a deed is executed upon foreclosure sale, is recognized. In Smith on Receiverships, the American rule is stated to be as follows: " (1) The senior mortgagee has a prior right; (2) but if he does not seek to enforce such right, and a receiver is appointed on the application of a junior mortgagee, the latter will be entitled to the rents and profits until such time as a receiver is appointed under the prior mortgage, or until the receivership under the junior mortgage is extended to the prior mortgage. It is an equitable lien secured by diligence. If the prior mortgagee is a party to the bill of the junior mortgagee, the latter has no exclusive right to the receivership income." Smith on Receiverships, Sec. 179.

In High on Receivers, it is said that the general rule is that, " a junior mortgagee who obtains a receiver of the rents and profits, in aid of a bill to foreclose his mortgage, is entitled to the rents and profits at the hands of such receiver, up to the time of appointing a receiver upon a bill by a prior mortgagee, not a party of the original suit. And the prior mortgagee is only entitled to have of the receiver such rents and profits as accrue after the appointment in aid of such prior mortgagee, although one and the same person is appointed in both cases." " The rule," the author says, "is based upon the consideration that until the elder mortgagee sees fit to assert his right to the rents and income, a junior incumbrancer has a right so to do, and the first mortgagee not being a party to the former suit, and having no lien on the rents and profits, and no right to recover the back rents, he can only assert his right thereto, as against the receiver, from the date of appointment in his own suit. The proper course, there-

fore, for an incumbrancer to take who is desirous of
having the benefit of a receiver already appointed, is to
file a bill for that purpose and obtain an order extending
the receiver to his incumbrance.    In such case the exten-
sion of the receiver is regarded as a new appointment."
It is further said: "But if the appointment is made upon
the application of a junior mortgagee in an action to which
all the prior mortgagees are made defendants, and the
appointment is not limited to or made in behalf of the
junior mortgagee, but is general in its nature, the fund
collected by the receiver is applicable to the payment of
the different mortgages in the order of their priority."
High on Receivers, Sec. 688.

In the case of Mittenberger v. Logansport Ry. Co.,
106 U. S., 286, at page 307, Mr. Justice Blatchford, in
the opinion said : "The authorities limit the exclusive
right of the second mortgagee to the income of a receiver-
ship created under a bill filed by him, to a case where the
first mortgagee is not a party to the suit."

In Ranney v. Peyser, et al, 83 N. Y., 1, where the
right of a junior mortgagee to the rents and profits under
a receivership procured by him in a suit to which the prior
mortgagee was not a party, was sustained, the court said:
"Maas " (the prior mortgagee), "if he deemed the mort-
gaged premises an insufficient security, had the right on
the foreclosure of his mortgage, to apply for a receiver-
ship of the rents for his own benefit, and this would have
superseded the rights of the plaintiff, as to subsequently
accruing rents, as the mortgages held by Maas were prior
to that held by the plaintiff."

In Leeds v. Gifford, 41 N. J. Eq., 464, it is said :
"According to the rule now in force, a prior incum-
brancer has an unquestionable right, as against the mort-
gagor and subsequent incumbrancers, in case his security
is uncertain or precarious, to have the rents of the mort-
gaged premises, accruing subsequent to the appointment of
a receiver, sequestered for his benefit."

In a recent case decided in the supreme court of New

York, it was held that where a receiver has been appointed in foreclosure proceedings by the third mortgagee, and it is doubtful whether the value of the lands exceeds the amount of the first mortgage, the second mortgagee on foreclosing, may have the receivership extended to cover his mortgage.   Putnam v. Mc Allister, 77 N. Y. Supp., 404; 27 Misc., 125.   See also, Williamson v. Gerlach, 41 O. St., 682; Howell v. Ripley, 10 Paige Ch., 43; First National Bank v. Illinois Steel Co., 174 Illinois, 140; Myton v. Davenport, 51 Ia., 583.

Williamson v. Gerlach, supra, involved two suits to foreclose mortgages.   One was brought by a second mortgagee, and all other mortgagees were made parties. Another was brought by a mortgagee junior to the second, and all lien holders were, in this suit, likewise made parties.   In the last-mentioned suit a receiver was appointed generally to take charge of the property, collect rents, and hold the same subject to the further order of the court.   When the lands were sold, it was discovered that the proceeds were not sufficient to pay the liens prior to that held by the mortgagee on whose motion the receiver was appointed.   The prior lien holders claimed the fund.   It was held that the fund should be treated as part of the general security of the mortgages and be controlled according to their priorities; and the court said: "If the receiver had been appointed on the motion and for the benefit of a particular lien holder, the receivership might have been extended to other liens; but when it was not limited it was of no consequence upon whose application the appointment was made ;" and again, "Where an incumbrancer has a receiver appointed for his benefit and other parties to the action who may be entitled to have the receivership extended to their liens take no steps to have the receivership thus extended, the party procuring the appointment will be entitled to the fund produced thereby, because of his superior diligence.   The cases in which a junior mortgagee has had rents and profits collected by a receiver and applied to his lien, are those in

which, either the senior mortgagee was not a party to the action or the receiver was appointed for the benefit of the junior mortgagee and the receivership was not extended to the other liens."

Now, our statute authorizes a receiver where the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt. Upon that ground the plaintiff secured the appointment of a receiver for her benefit. Upon the same ground, the defendant upon his prior mortgage is entitled to a receiver, or to the benefits of a receivership, if he seeks a foreclosure of his mortgage, to the extent that the property is insufficient to satisfy the unpaid debt secured by his mortgage, if he makes it satisfactorily to appear that there will be a probable deficiency. He does seek to foreclose his mortgage, and by uncontroverted testimony, makes it clear that the property is not sufficient to satisfy the debt due him.

It seems to be clear and well settled that the distribution of the fund resulting from the appointment of a receiver of rents and profits in a foreclosure suit will be affected and controlled by the priorities of the mortgage liens held by parties to the suit, when the appointment has been general in character, and not limited, by its terms, to a particular incumbrancer. It is equally clear that the equitable right to a receivership in the case of a mortgage, is likewise affected as between several incumbrancers, by such priorities, where the property is probably insufficient to pay the debt secured by either of the mortgages in full. In such cases the mortgagee holding the superior mortgage lien is entitled to a prior right to a sequestration of the rents and profits and to the benefit thereof.

As already shown he is required to pursue the proper remedy to enforce that right; and until he does so the mortgagee holding a junior lien, who may have instituted proceedings and obtained a receiver, is, in the meantime, entitled even as against the prior incumbrancer to the

benefits of the receivership, in case the appointment has been limited to his claim; which is the situation in the case at bar.

When the defendant applied for a receiver, he made a showing sufficient to entitle him thereto, and an order should have been entered which would accord to him some interest in a receivership of the income of the property to be thereafter applied to the satisfaction of his debt, if, upon the sale of the property, it should appear to be, in fact, necessary to the full and complete payment of the same. It was error, therefore, to absolutely deny his motion, and refuse him any relief. It left a receiver collecting the rents for the sole benefit of the plaintiff.

The remedy sought being equitable in character, and the showing made being sufficient to entitle the plaintiff in error to a favorable consideration of his application, there is no necessity or good reason for remanding the cause for a new hearing. The case calls for direction on the part of this court respecting the order to be made in the premises.

Although we do not decide the question raised as to the validity of the original appointment of a receiver, for the reason that the equities of the plaintiff in error are not dependent thereon, we are of the opinion that the fact that the jurisdictional authority for the order is seriously questioned not only by plaintiff in error, but by an alleged grantee of the mortgagor who has brought suit against the receiver, should be considered in determining the character of the order now to be entered. Plaintiff in error should not be required to defend the original order. Instead therefore of merely extending the present receivership to include his claim a new appointment should be made, under an order not open to legitimate question as to jurisdiction.

The rights of the second mortgagee should also be taken into consideration. She has asked for a receiver, and the proof is sufficient to show the necessity for one in her behalf if she does not realize enough from the

present receivership to cover her entire claim. She should, therefore, be allowed to participate in the surplus, if any, of the new receivership, after the debt of the first mortgagee is discharged.

As it will be impossible for the court to determine the amount, if any, of the money in the hands of Herriot Riddle, the present receiver, which will be required for the purposes of his appointment until after the sale of the property, he should not be finally discharged, but he should be required to render an account of his doings and of the money remaining in his hands, and to hold the same subject to the further orders of the court.

The district court will, therefore, be directed to vacate the order of January 29, 1898, in so far only as the same denies the motion of the plaintiff in error, John H. Anderson, for a receiver in this cause; and to make and enter an order appointing a receiver, during the pendency of this action to take charge of the mortgaged property, and to collect and receive the unpaid rents and profits thereof, and such as shall thereafter accrue, for the use and benefit of John H. Anderson and Hannah Matthews, the first and second mortgagees respectively, according to the priorities of their respective mortgages; and requiring Herriot Riddle, the present receiver, to deliver possession of the property to the new receiver; and until finally discharged, said Riddle to hold all moneys remaining in his hands as receiver until and subject to the further orders of the court. The costs of the proceedings in error in this court to be taxed to the defendant in error, Hannah Matthews.

*Reversed.*

CORN, J., concurs.

KNIGHT, J., did not sit.