Goddard v. Clarke.

----

FREDERICK N. GODDARD, APPELLEE, V. HENRY T. CLARKE ET AL., APPELLANTS.

FILED APRIL 10, 1908. No. 15,131.

1. Receivers: APPOINTMENT: DISPOSITION OF FUNDS. Where the separate mortgages of different owners are sought to be foreclosed in the same action, the court may make an order appointing a receiver of one or more of the mortgagees according to their respective rights, and such order, when made, governs the disposition of funds collected thereunder until it is modified or set aside.

2. ——: ——: ——. Where an order is made appointing a receiver to collect the rents of mortgaged property for the benefit of a junior mortgagee, a senior mortgagee, party to the suit, who does not object to such order, may not, after sale for a price insufficient to pay the amount due upon its mortgage, have such order modified so as to secure the benefit of the rents collected thereunder, especially when its application fails to show that it would have been entitled to a receiver for its own benefit at any time before sale.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*W. D. McHugh,* for appellants.

*Francis A. Brogan* and *H. W. Pennock, contra.*

CALKINS, C.

The plaintiff began a suit to foreclose a mortgage on part of two city lots, making the Creighton University, which held a prior mortgage on these two lots and 12 others, a party defendant. The university filed an answer in which it sought to foreclose its mortgage, making one Bellamy, who held a junior mortgage on the remaining part of the lots mortgaged to plaintiff, a party defendant. The district court found the mortgage to the university void, and from this decree an appeal was prosecuted to this court, where the same was reversed, and the mortgage to the university held a valid first lien. *Goddard v. Clarke,* 1 Neb. (Unof.) 769. The cause being remanded, a decree was rendered by the district court finding the mortgage to the university a valid first lien, to which the mortgages of the plaintiff and Bellamy were subject. By virtue of such decree the premises were sold, and bid in by the university at a price some $1,700 less than the amount due it on its decree. After the first decree, and pending the appeal, the plaintiff and Bellamy each filed a motion for the appointment of a receiver to collect the rents of the property covered by their respective mortgages; and upon these applications the court made an order appointing such receiver and directing him to apply the proceeds of that portion of the property covered by the plaintiff's mortgage to the plaintiff's claim, and the proceeds of that part of the property covered by the defendant Bellamy's mortgage to the Bellamy claim. No modification of this order was sought until after the sale of the property, when, there being some $1,200 in the

hands of the receiver which had been collected by him under such order, Creighton University applied to the court for an order requiring the receiver to pay such money to it to apply upon the unsatisfied portion of its decree.   Before the disposition of this application the university filed a motion for an order modifying the original order appointing the receiver by striking therefrom the provision for the payment to Goddard and Bellamy of the moneys collected thereunder.   These applications were denied, and the moneys so collected were by the district court ordered to be paid to the plaintiff Goddard and the defendant Bellamy, and from this order the university appeals.

1. Where the separate mortgages of different owners are sought to be foreclosed in the same action, it may happen that some of the parties may be entitled to the remedy of the appointment of a receiver to collect the rents of the mortgaged property, while as to others no ground for such relief exists.   This may depend upon the terms of their several instruments and the stipulations therein contained as to rents, or upon their position as to priority, the property frequently being ample to pay the senior, and insufficient to discharge the senior and junior mortgages.   Again, the application for a receiver is attended with some risk and some burdens which all the parties similarly situated may not desire to incur or assume.   In still other cases the rights and wishes of the parties may be the same.   It follows that in some cases it may be proper to appoint a receiver to collect rents for the benefit of some mortgagees, and not for others; while in other cases the appointment should be made for the benefit of all according to their respective interests.   This doctrine has frequently been recognized in the administration of the remedy.   High, Receivers, sec. 688; 23 Am. & Eng. Ency. Law (2d ed.), 1031; 27 Cyc. 1632; *Washington Life Ins. Co. v. Fleischauer*, 10 Hun (N. Y.), 117; *Hennessey v. Sweeney*, 57 N. Y. Supp. 901; *Cross v. Will County Nat. Bank*, 177 Ill. 33; *Nesbit v. Wood*, 56 S. W. (Ky.) 714.

We think it established upon principle and authority that a court may in a foreclosure case appoint a receiver for the benefit of one or more of the mortgagees claiming liens upon the premises; and it necessarily follows that, the court having made such an order, the same becomes the law of the case and governs the disposition of funds collected under it until it is modified or set aside.

2. The general rule is that a junior mortgagee who obtains a receiver of the rents and profits in aid of a bill to foreclose his mortgage is entitled to the rents and profits at the hands of such receiver up to the time of appointing a receiver upon a bill by a prior mortgagee not a party to the original suit. High, Receivers, sec. 688. And the prior mortgagee is only entitled to have of the receiver such rents and profits as accrue after the appointment in aid of such prior mortgage, although one and the same person is appointed in both cases. The rule is based upon the consideration that until the elder mortgagee sees fit to assert his right to the rents and income a junior incumbrancer has a right to do so; and the first mortgagee, not being a party to the former suit and having no lien on the rents and profits, and no right to recover the back rents, can only assert his right thereto as against the receiver from the date of the appointment in his own suit. High, Receivers, sec. 688. A consideration of the reasons for these rules will simplify their application to cases where the different mortgagees are parties to the same action. If the senior mortgagee would be entitled to the appointment of a receiver to collect rents and profits at any stage of the action, his right following his lien would be superior to that of a junior mortgagee; and if asserted either in an application made upon his own initiative or in opposition to an application made by a junior mortgagee it should be recognized. But, if the necessary facts to entitle the senior mortgagee to a receiver do not exist, or if they do exist and such senior mortgagee omits to assert them and a receiver is appointed for the benefit of a junior mortgagee, such order should stand until the senior mortgagee

asserts his right, or at least until it is shown that the order was improvidently granted in the first place. In the instant case there is nothing to show that the university would have been entitled to a receiver on its own application at the time the order was made. It does appear that at the sale the property did not realize a sum sufficient to satisfy its claim; but for how long prior to such sale such deficiency in value existed is not attempted to be shown. In this case the appointment of a receiver and the sequestration of the rents seem to have been entirely due to the efforts of the plaintiff and the defendant Bellamy, and they should not be deprived of the fruits of their superior diligence in the absence of any showing that the senior mortgagee had or attempted to assert any rights to these rents until after the sale.

It follows that the judgment of the district court should be affirmed, and we so recommend.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.