## THE LONGDOCK MILLS AND ELEVATOR

*v.*

## JOHN ALPEN et al.

[Decided September 24th, 1913.]

1. The law will protect and reward the junior mortgagee who, by superior diligence, obtains the appointment of a receiver for his own benefit in a foreclosure suit to which a prior mortgagee is not a party.

2. In such case it is the established practice to permit the receiver, appointed at the instance of a junior mortgagee, to receive the rents and profits until the prior mortgagee takes possession.

On bill, &c. On petition of Minnie Borgstede.

*Mr. Harry Lane*, for the complainant.

*Mr. Frederick K. Hopkins*, for the petitioner.

LEWIS, V. C.

This hearing was on an application concerning money in the hands of the receiver, Carlyle Garrison, appointed by the court to collect rents pending the final settlement of the suit. The receiver was appointed upon application of complainant in the case, the third mortgagee. There was a first mortgage held by Herman Zurlage and a second mortgage held by Minnie Borgsted. John Zurlage and Minnie Borgsted were not parties in the suit brought by the complainant. A bill was subsequently filed by Zurlage to foreclose the first mortgage. No application was made by the first or second mortgagees for the purpose of having a receiver appointed in the Zurlage case. The property was sold on the 12th day of November, 1912, and at the sale was purchased by Mrs. Borgsted for $27,000. No purchaser appeared offering sufficient to cover her lien, and there is approximately a deficiency due the petitioner of about $5,000. The receiver, appointed upon application of the third mortgagee,

had collected, up to the time of the argument in this matter, in the neighborhood of $1,241.60.

The application of the petitioner in the present instance is that the money in the hands of the receiver, subject to the payment of a reasonable allowance to the receiver, be applied in payment of the petitioner's decree, so far as it will extend. This contention is resisted by the complainant on the ground that the petitioner is not a party to its suit, and therefore cannot obtain any relief in it; and further, that the petitioner has no interest in any money collected by the receiver appointed in this suit, as she is a stranger to the suit.

There is no doubt that if Zurlage and Boehmoke had been made parties they could have had the bill dismissed as to them. When proceedings were instituted on the Zurlage mortgage they made no application whatsoever for the purpose of having a receiver appointed in the case or for any protection from the court by way of a receiver, or by way of having the rents of the property held as further security for their mortgages. They chose to litigate, hoping that at the sale the property would bring sufficient to satisfy their liens. The law will protect and reward the junior mortgagee who, by superior diligence, obtains the appointment of a receiver for his own benefit. *New Jersey Title, Guarantee and Trust Co.* v. *Cone & Co., 64 N. J. Eq.* (*19 Dick.*) 45; *Coddington* v. *Bispham, 36 N. J. Eq.* (*9 Stew.*) 574.

If the mortgagor had remained in possession and collected the rents himself and then paid them over to the defendant he would have had a right to control their appropriation, and if he had failed to exercise such right the right of appropriation would have then belonged to the defendant, and he might have exercised it in such a manner as would best protect his security.

An examination of the cases leads to the conclusion that the practice is well established of permitting the receiver, appointed at the instance of a junior encumbrancer, to receive the rents and profits until the prior mortgagee takes possession.

In the case under consideration the junior mortgagee has acquired a specific lien on the rents and is entitled to retain them and apply them on its mortgage.

I will advise an order accordingly.