**VAUGHN et al. v. WAHL et al.**

No. 18202. Opinion Filed July 24, 1928.

(Syllabus.)

Mortgages—Right of Senior Mortgagee to Funds Derived from Receivership Where Security Insufficient on Foreclosure.

After a senior mortgagee began foreclosure proceedings upon a real estate mortgage and set forth grounds, prayed, secured and filed in court a waiver from mortgagors, for the appointment of a receiver to collect rents and profits from the land mortgaged, and junior mortgagees, being made parties to the action, subsequently pray for appointment of such a receiver and secure the formal order appointing such receiver, and the land was sold to the senior mortgagee at foreclosure sale for less than enough to satisfy his mortgage, held, that he was entitled, as against the junior mortgagee, to have funds derived from the receivership applied to his deficiency judgment and the junior mortgagee was not entitled to any priority as to such funds by securing the appointment.

Error from District Court, McClain County; Tom D. Pace, Judge.

Action by E. H. Wahl against J. W. Couch et al. From a judgment distributing funds collected by a receiver, defendants Vaughn and Blanton appeal. Affirmed.

Blanton, Osborne & Curtis, for plaintiffs in error.

Bowling & Farmer and A. K. Little, for defendants in error.

RILEY, J. The contention here involved is to whom rents and profits, collected by a receiver, shall be paid. The contestants are both mortgagees and the question arises under the following facts:

J. W. Couch and Louise K. Couch, on August 11, 1920, executed a first mortgage to Gum Brothers Company, in the amount of $9,800, and covering 280 acres of land located in McClain county. On the same date the same mortgagors executed a second mortgage on the same land in the approximate amount of $2,000, to secure the payment of three commission notes of even date. The notes and second mortgage were sold and assigned to E. H. Wahl. Thereafter J. W. Couch and Louise K. Couch executed a third mortgage on the same land to T. H. Vaughn and J. T. Blanton to secure the payment of notes in the total sum of $4,400. On May 4, 1925, Wahl commenced action in the court below to recover the amount of his mortgage indebtedness and to foreclose his mortgage subject to the prior mortgage, which Gum Brothers Company had in the meantime transferred to the Aetna Life Insurance Company. In addition to the mortgagors, Vaughn and Blanton and the tenants on the land were made parties defendant in the foreclosure action. The petition of Wahl contained allegations of grounds and a prayer for the appointment of a receiver pendente lite. On May 20, 1925, J. W. Couch and Louise K. Couch executed at Wahl's instance a waiver of issuance and service of summons and consent that a receiver be appointed as sought.

The waiver was filed in the cause May 27, 1925. Thereafter and on June 5, 1925, Vaughn and Blanton filed their answer and cross-petition, set forth their mortgage indebtedness, alleged the same to be inferior to the mortgage of Wahl and that of the Aetna Life Insurance Company, and also asked that a receiver be appointed pendente lite. The tenants on the lands defaulted.

On June 13, 1925, T. H. Vaughn and J. T. Blanton secured an order from the court appointing a receiver pendente lite, with directions to collect rents and profits arising from the lands involved. In the fall the receiver collected rents in the amount of about $700, and accounted for the same to the court. Thereafter judgment was rendered foreclosing plaintiff Wahl's mortgage and likewise foreclosing the mortgage of Vaughn and Blanton, in the order of priority named, both subject to the prior mortgage of the Aetna Life Insurance Company. Thereafter the land was sold to satisfy said foreclosed mortgages and subject to the prior mortgage of $9,800. The plaintiff Wahl

bought the land in at $1,000, which was about $1,000 less than the amount of his mortgage indebtedness. The sale was confirmed and a deficiency judgment existed in favor of Wahl in the amount of about $1,000. Plaintiff Wahl made application for the amount accounted for by the receiver from rents and profits in order to apply the same on his deficiency judgment. Vaughn and Blanton filed objections on the grounds that the receiver had been appointed at their instance and consequently they were to be rewarded for their diligence to the exclusion of Wahl, prior mortgagee. Wahl filed response setting out that Vaughn and Blanton had merely secured the formal order appointing a receiver and reciting the facts as aforesaid.

The court held that Wahl was entitled to the funds in dispute and rendered judgment accordingly, from which Vaughn and Blanton have perfected this appeal.

The defendant in error Wahl commenced this action and first sought a receiver and procured a written consent of the principal defendant that a receiver be appointed, and long before any rents became due Wahl was in position to secure the formal order appointing the receiver by his own diligence. The plaintiffs in error merely stepped in and secured the formal order, but that act did not secure preference for them, for they did not solely and by their diligence bring about the appointment of the receiver; in fact they did not appear until June 5, 1925, whereas, Wahl had theretofore prayed, alleged grounds and secured and filed a waiver for the receiver.

The court below held as follows:

"By the Court: I find from the law and the evidence that the plaintiff in this case began the action for the appointment of a receiver, and that notice, or rather consent, was given, and that the parties owning the junior mortgage afterwards obtained an order appointing the receiver were not the instigators beginning the action, but acted under the consent, derived their authority under the consent of the plaintiffs beginning the action. Therefore, the court will hold that the money in the hands of the receiver less the cost of the receivership should be applied to the satisfaction of the deficiency judgment."

We find from an examination of the authorities cited by both parties to this appeal and as the same are applied to the facts borne out by the record, that the trial court was eminently correct in its judgment.

These authorities are: 41 C. J. 634, 27 Cyc. 1631; Longdock Mill & Elev. v. Alpen et al. (N. J.) 88 Atl. 623; Nesbitt et al. v. Wood et al. (Ky.) 56 S. W. 714; Goddard v. Clarke et al. (Neb.) 116 N. W. 41; Howell v. Ripley, 10 Paige (N. Y.) 43; Cross v. Will Co. Natl. Bk. (Ill.) 52 N. E. 322; N. J. Title Guaranty & Trust Co. v. Cone & Co., 64 N. J. Eq. 45, 53 Atl. 97.

The judgment is affirmed.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and HEFNER, JJ., concur.

Note.—See 41 C. J. p. 634, §612.