### WOOD v. FETZER et al. (No. 814.)

Court of Civil Appeals of Texas. Waco.
June 6, 1929.

Rehearing Denied Sept. 19, 1929.

W. L. Eason, of Waco, for appellant.
Scott & Jaworski, of Waco, for appellee.

GALLAGHER, C. J. This suit was instituted by appellant, N. Wood, against appellees Fetzer and wife, to recover the balance due on a series of second lien notes, and to foreclose a second lien on certain real property. Appellant alleged that appellees J. W. Holloway and C. L. Watson held a series of first lien notes in the sum of $3,000 on said property. He did not make said first lienors parties to the suit. He alleged default in the payment of his debt; that the reasonable market value of the property charged with said liens was less than the aggregate amount of the indebtedness secured thereby; that the appellees Fetzer, the owners of the legal title to said property, were not occupying the same; that the same was occupied by tenants; that such tenants were paying rent to said appellees, who were appropriating such rents to their own use. He further alleged that said rents ought to be subjected to the payment of his debt. He prayed for the appointment of a receiver to take charge of the property, to rent the same and collect rents

thereon as they accrued. He further prayed that he be decreed a lien on such rents, as well as upon said property. His petition was duly verified. The court heard appellant's application, granted the same, and appointed a receiver on February 24, 1928. The receiver qualified immediately, took charge of said property, and collected the rents thereon to the time of trial. The net rents so collected amounted to the sum of $165.15, which he paid into the registry of the court.

Appellees Holloway and Watson, holders of the first lien on said property, on June 27, 1928, intervened and asked for a judgment for their debt and foreclosure of their lien, which they alleged was in all things superior to the lien claimed by appellant. They recited in their petition the appointment of said receiver on the application of appellant, and asserted that they were entitled to have the rents collected by such receiver first applied to their indebtedness, together with the proceeds of the sale of said property. On the 11th day of November, 1928, the day the case was tried, said interveners filed a trial amendment, in which they alleged that said property was insufficient in value to liquidate their indebtedness.

The trial was before the court. The court rendered judgment awarding interveners a recovery for their debt in the sum of $3,621.75, with foreclosure of a first and prior lien, and awarding appellant a recovery for his debt in the sum of $379.11, with foreclosure of a second lien. The judgment directed that the property be sold, and the proceeds of sale applied first to the satisfaction of the recovery awarded interveners, second to the satisfaction of the recovery awarded appellant, and the remainder, if any, turned over to the owners, Fetzer and wife. Said judgment further directed that, in event the proceeds of the sale of the property were insufficient to satisfy the recovery awarded interveners, said rents in the registry of the court, or so much thereof, as might be necessary to satisfy the remainder of their judgment, be turned over to them. Said judgment further provided that if, after the satisfaction of the judgment awarded interveners, said rents, or any part thereof, remained in the registry of the court, same, or so much thereof as might be necessary to satisfy the judgment awarded appellant, be turned over to him; and that if said rents, or any part thereof, remained in the registry of the court after the satisfaction of both said judgments, same be turned over to the owners of the property. Appellant presents said judgment to this court for review.

Appellant, by several different propositions, presents for consideration a single contention, which is that, since the rents in the registry of the court were collected by a receiver appointed on his application, for the express purpose of securing and preserving the same

for application, if necessary, in satisfaction of his judgment, the court should have directed said rents applied first to the satisfaction of his recovery, if not discharged by the proceeds of the sale of the property, regardless of whether the proceeds of such sale were sufficient to satisfy the recovery awarded interveners or not. There is no contention that either of the instruments creating said respective liens contained an assignment of the rents arising from said property to further secure the payment of said respective debts. Subdivision 2 of article 2293 of our Revised Statutes of 1925 provides for the appointment of a receiver in actions for foreclosure of liens, where the property on which such foreclosure is sought is probably insufficient to satisfy the debt secured thereby. Appellant in his application alleged the existence of the prior lien held by interveners and the amount of the indebtedness secured thereby. He further alleged, in accordance with the requirements of said statute, that the property was insufficient to satisfy both debts. He brought himself squarely within the terms of the statute, and invoked its provisions for the purpose of protecting himself from loss in event the proceeds of the sale of the property subject to the first lien were insufficient to satisfy his debt in full.

Interveners, several months later, filed their petition of intervention. Such petition was insufficient to support the appointment of a receiver in their behalf, for the purpose of impounding rents to further secure their debt, because it contained no allegation that the property was insufficient to satisfy the same. Said property might have been of sufficient value to satisfy their debt in full, and still insufficient to also satisfy appellant's debt, secured by his second lien. Not until after the receiver had made his report and paid the net rents collected by him into the registry of the court did interveners file their trial amendment, in which they alleged for the first time that the property was insufficient to satisfy their debt. Not until that time were they in a position to have asked for a receiver in their own behalf, and not until that time did they plead facts sufficient to show any right on their part to have such rents impounded and applied to the satisfaction of their debt. None of interveners' pleadings were verified, and no action of the court was invoked thereon prior to the rendition of the final judgment.

The rule controlling the application as between first and subsequent liens of rents collected by receivers pending foreclosure suits is stated in 1 Wiltsie on Mortgage Foreclosure, p. 753, § 582, as follows:

"Subsequent mortgagees are entitled to the appointment of a receiver of the rents and profits of the mortgaged premises on a petition showing that the mortgaged property is of less value than the amount of the incumbrances * * * If a receiver pending a foreclosure action by a subsequent mortgagee is appointed on his motion, and for his benefit, such an appointment inures to his benefit only; and where no other lien holder asked to have the receivership extended to his lien, the rents and profits should be applied to the discharge of his debt only. A junior mortgagee obtaining the appointment of a receiver thereby acquires a specific lien on the rents collected by the receiver and is entitled to them as against a prior mortgagee who made no application for the appointment of a receiver. * * * But a receivership created by a second mortgagee may be subsequently extended to one or more of the other liens on the property, and after it is so extended, the rents collected are applied to the liens in order of priority."

The following authorities are cited in support of the text quoted: Buchanan v. Berkshire Life Ins. Co., 96 Ind. 510; Goddard v. Clarke, 81 Neb. 373, 116 N. W. 41; Ranney v. Peyser, 83 N. Y. 1; Washington Life Ins. Co. v. Fleischauer, 10 Hun (N. Y.) 117; Post v. Dorr, 4 Edw. Ch. (N. Y.) 412; Howell v. Ripley, 10 Paige (N. Y.) 43; Williamson v. Gerlach, 41 Ohio St. 682; Longdock Mills & Elev. Co. v. Alpen, 82 N. J. Eq. 190, 88 A. 623; Putnam v. Henderson, 49 App. Div. 361, 63 N. Y. S. 250; Anderson v. Matthews, 8 Wyo. 513, 58 P. 898.

We quote from 42 C. J. p. 132, on the same subject as follows: "The law will protect a junior mortgagee who by superior diligence in suing for foreclosure and obtaining the appointment of a receiver for his own benefit alone, has acquired a specific lien on the rents and profits, superior to the equities of the prior mortgagee." Authorities in support of the text quoted are cited in note 96 on said page. When a prior lien holder intervenes in a foreclosure suit filed by a junior lien holder, and asks for and secures an order extending the benefit of the receivership to his debt and lien, only rents accruing thereafter are affected by such order. Anderson v. Matthews, supra; Goddard v. Clarke, supra; Madison Trust Co. v. Axt, 146 App. Div. 121, 130 N. Y. S. 371; Kroehle v. Ravitch, 148 App. Div. 54, 132 N. Y. S. 1056.

Since all the rents in controversy on this appeal arose and were collected by the receiver prior to any attempt on the part of interveners to establish any right thereto, the judgment of the court awarding such rents to interveners, if necessary to satisfy their prior lien, was erroneous. Said judgment is here modified, so as to provide that the rents in the registry of the court resulting from collections by the receiver prior to the trial, or so much thereof, if any, as may be necessary to satisfy appellant's recovery, be paid to him as a credit thereon.

The judgment of the trial court, as modified, is here affirmed.