[Civ. No. 8896.   Fourth Dist., Div. One.   Sept. 25, 1968.]

MACK PAUL LOVETT, as Executor, etc., Plaintiff and Appellant, v. POINT LOMA DEVELOPMENT CORPORATION et al., Defendants; SILVER GATE SAVINGS AND LOAN ASSOCIATION, Intervener and Respondent.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

James J. Biggins, Jr., and Smith, Biggins & Crockett for Plaintiff and Appellant.

No appearance for Defendants.

Scales, Patton, Ellsworth & Corbett and Luke R. Corbett for Intervener and Respondent.

COUGHLIN, J.—Plaintiff appeals from an order settling a first report and account of receiver and directing payment of the receipts of the receivership consisting primarily of rents collected. In reality, plaintiff's appeal concerns that part of the order directing the receiver to pay $500 to intervener's attorneys and, after making other designated payments prescribed by the order, to pay "all receivership funds remaining in his hands" to intervener.

Intervener and plaintiff were the holders, respectively, of first and second deeds of trust against property owned by defendant. Plaintiff brought this action to foreclose the second deed of trust and procured the appointment of a receiver to collect the rents from the property covered by the deeds of trust. The written order of appointment, dated February 17, 1967, presumably prepared by counsel for plaintiff because written on paper bearing their name plate, provided, among other things: (1) Money coming into possession of the receiver should be held subject to such orders as the court thereafter

might issue as to its disposition; (2) receiver should, subject to further order of the court, collect the rents from the property; and (3) receiver was "authorized" to pay all monthly payments on the note secured by intervener's deed of trust, which was specifically described and declared to be a "first trust deed superior to the note and deed of trust" held by plaintiff. On February 24, 1967, receiver notified intervener he was in possession of and collecting rents from the property subject to the deeds of trust; directed attention to tha part of the order authorizing him to make payments to intervener on its deed of trust; and caused a copy of the order to be sent to intervener. On March 24, 1967, the receiver notified intervener he had been instructed by the attorneys for plaintiff not to make any payments on the indebtedness secured by intervener's deed of trust. On April 13, 1967, intervener, with permission of the court, filed a complaint in intervention alleging it was the owner of the promissory note secured by a first deed of trust upon the property in question; payments upon said note were in default for installments due March 1, 1967, and April 1, 1967; its deed of trust provided, among other things:

"That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority . . . to collect the rents . . . of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby . . . to collect and retain such rents. . . . Upon any such default, Beneficiary may at any time, without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents . . . and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby. . . ."; a receiver had been appointed in the action with instructions to take possession of the property and collect the rents; its interest in the property and the rents was prior and superior to any interest of any other party; and it was entitled to have the rents applied to the satisfaction of the indebtedness secured by its deed of trust. On July 24, 1967, the court denied, without prejudice, intervener's motion for instructions requiring receiver to pay to it the rentals theretofore collected. In due course the receiver filed his first report and account. After a

hearing, the court made the order from which this appeal is taken.

Plaintiff, relying upon the rule applied in *Carlon* v. *Superior Court*, 2 Cal.2d 17, 20 [38 P.2d 149], asserts a right to the rentals collected by the receiver appointed at its instance free of any claim thereto by intervener.

The decision in *Carlon* adopted the general rule that a junior lienholder has a special lien upon rents from the property subject to his lien collected during a receivership procured by him in a suit to foreclose his lien, and a senior lienholder, absent appropriate steps by the latter to have the receivership enure to his benefit, is without prior right to the rents so collected.

The issue in the case at bench is whether the complaint in intervention and subsequent action by the intervener constituted appropriate steps to cause the receivership to enure to its benefit.

The complaint in intervention stated a cause in equity in the nature of an action for specific performance of the provisions of the first deed of trust assigning the rents to intervener and authorizing it to collect the same upon default. A receiver may be appointed in an action to specifically enforce such a covenant. (Code Civ. Proc., § 564, subd. 7; *Mines* v. *Superior Court*, 216 Cal. 776, 778-779 [16 P.2d 732].)

Plaintiff contends the receivership in question did not enure to the benefit of intervener because the latter did not institute duplicate proceedings for the appointment of a receiver. This contention is without merit. When the senior lienholder intervenes in an action in which a junior lienholder has procured the appointment of a receiver to collect rents from the property subject to his lien, it is immaterial in what manner the senior lienholder asserts his prior claim so long as he makes a clear demand upon the court and presents the ground upon which his claim is based. (*Atlantic Trust Co.* v. *Dana*, 128 F. 209, 217-221 [62 C.C.A. 657]; *Seibert* v. *Minneapolis & St. L. Ry. Co.*, 52 Minn. 246 [53 N.W. 1151, 1154].) In the case at bench the demand of the intervener was clearly asserted and adequately supported. Intervener specifically sought to charge the receivership with its prior claim to the rents in question conferred upon it by the first deed of trust. No purpose would have been served by having the court appoint the same or another receiver at the request of intervener. The court previously had exercised its discretion respecting the appointment of a receiver. The defendant, owner

of the property, could have had no basis for objection to a duplicate appointment. The issue between plaintiff and the intervener was not whether a receiver should collect the rents, but which of them had the right to the rents collected. The method adopted in the trial court to determine this issue was proper.

Plaintiff also contends the complaint in intervention did not state a cause of action entitling the intervener to participate in the receivership because it did not allege the property subject to its lien was inadequate security for its indebtedness. The rule asserted by plaintiff applies only in those instances where a lienholder seeks appointment of a receiver in an action to foreclose his lien absent a provision in the lien agreement expressly conferring upon him the rght to collect rents from the property subject to the lien. The authority to appoint a receiver under such circumstances is limited by the provisions of Code of Civil Procedure section 564, subdivision 2. Where the lienholder seeks enforcement of a provision in the lien agreement conferring the right to collect rents and apply such upon the secured indebtedness, the authority to appoint a receiver is conferred by Code of Civil Procedure, section 564, subdivision 7. (*Mines* v. *Superior Court, supra,* 216 Cal. 776, 778, 779.)

The order from which plaintiff appeals declares the intervener is entitled not only to the rents collected after the complaint in intervention was filed, but also to those collected before this time. Inclusion of the previously collected rents is premised upon a finding of estoppel foreclosing plaintiff's claim to them because of the provision in the order he procured authorizing the receiver to pay the monthly amount due intervener on the indebtedness secured by its deed of trust.

The finding of the trial court is premised upon an application of the rule a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct. (Evid. Code, § 623; *Carruth* v. *Fritch,* 36 Cal.2d 426, 433 [224 P.2d 702, 24 A.L.R.2d 1403]; *Rapp* v. *Rapp,* 218 Cal. 505, 509 [24 P.2d 161]; *Industrial Indem. Co.* v. *Industrial Acc. Com.,* 115 Cal.App.2d 684, 689 [252 P.2d 649].) Regardless of the intent of the attorneys for plaintiff in causing inclusion, in the order appointing the receiver, of the provision authorizing the receiver to pay the amounts due intervener upon the indebtedness secured by its deed of trust,

the court was entitled to conclude the existence of this authorization led intervener to believe it was not required to take any action to protect its claim to the rents. No such action was indicated unless there was a default in payments. The authorization and order indicated no default should be contemplated. ▇ An estoppel *in pais* may be found even though the person estopped did not actually intend to defraud or mislead. (*Benner* v. *Industrial Acc. Com.*, 26 Cal.2d 346, 349 [159 P.2d 24]; *Notten* v. *Mensing*, 3 Cal.2d 469, 476 [45 P.2d 198]; *Industrial Indem. Co.* v. *Industrial Acc. Com., supra,* 115 Cal.App.2d 684, 690.) ▇ Whether the conduct of a party lulls another into a false sense of security and whether another relied thereon to his prejudice are questions of fact and not of law. (*Industrial Indem. Co.* v. *Industrial Acc. Com., supra,* 115 Cal.App.2d 684, 690.) The evidence at hand supports the finding in question.

The order is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.