[Civ. No. 33344. Second Dist., Div. One. May 26, 1969.]

CLIFFORD GRAFFT, Plaintiff and Appellant, v. MERRILL LYNCH, PIERCE, FENNER & BEANE et al., Defendants and Respondents.

Phill Silver for Plaintiff and Appellant.

O'Melveny & Meyers, Everett B. Clary, Louis T. Latourrette, MacDonald & Halsted and Robert H. Edwards for Defendants and Respondents.

LILLIE, J.—The instant action, commenced on December 31, 1959, but not brought to trial within five years, was dismissed by the court on motion of defendants (Code Civ. Proc., § 583); from the judgment of dismissal, plaintiff appeals. Since dismissal upon the expiration of the five-year period becomes mandatory in the absence of excusable delay making it impracticable to proceed to trial or where trial has commenced (not here pertinent) plaintiff's appeal seeks to establish such delay or otherwise bring his case within one of "the implied exceptions engrafted upon the statute by appellate decisions." (*Governale* v. *Bethlehem Pac. Coast Steel Corp.*, 235 Cal.App.2d 837, 840 [45 Cal.Rptr. 707]. See also *Weeks* v. *Roberts*, 68 Cal.2d 802, 805 [69 Cal.Rptr. 305, 442 P.2d 361].)

Defendants' motion to dismiss, filed October 6, 1967, followed an unsuccessful motion by plaintiff on December 15, 1964, for an accelerated trial setting. Again, on December 28, 1964, plaintiff unsuccessfully moved the court for an order setting pretrial on or before December 30. Both motions specified that they should be granted "in the interest of justice"—no other reasons being given. An attempted appeal by plaintiff from order denying the December 15 motion was thereafter dismissed at his request, it being conceded that such order is nonappealable. (*Governale* v. *Bethlehem Pac. Coast Steel Corp.*, supra, p. 843.) However, as shown in *Governale*, as well as in *Weeks* v. *Roberts*, supra, the court's exercise of discretion in dealing with such prior motions may be reviewed on a subsequent appeal from the judgment of dismissal; too, since the court was entitled to consider the entire factual record in passing upon the instant motions, we

summarize the principal events precipitating the issue now presented for determination.

The complaint filed through plaintiff's former attorney was for money had and received, damages caused by fraudulent misrepresentations and for the declaration of a constructive trust, all allegedly arising from the purchase and sale on plaintiff's behalf of 400 shares of designated securities. Present counsel was substituted in December of 1962. Prior thereto, on December 4, 1961, pretrial was set for March 28, 1962; it was continued five times, twice at defendants' request and the last time at the request of plaintiff's present attorney, to June 3, 1963. On that date the pretrial conference was marked off calendar. Thereafter, counsel for plaintiff had no further communication with defendants' attorneys until June of 1964 when the deposition of defendant Grine was noticed and taken. According to the declaration of an attorney for defendants, both sides thereafter agreed that plaintiff would give his deposition following that of one Morrison, an employee of one of the defendants. Although papers in opposition denied that Morrison's deposition was ever taken, it is not denied that plaintiff's counsel thereafter requested that plaintiff's deposition be continued because of a previous engagement; that continued dates were agreed upon on two additional occasions, the last being November 23, 1964; that four days before this latter date, defendants' attorneys were informed that plaintiff's counsel was in trial; that the deposition was called off and no new date therefor ever set. Also, there is no denial by plaintiff of an averment to the effect that when plaintiff's deposition was called off, his counsel was informed by letter that attorneys for defendants would not be able to suggest a new date for such deposition due to tentative commitments in December and January. Finally, it is undisputed that the next development in this lingering litigation took place on December 15, 1964, when plaintiff's counsel filed his motion for an early trial setting.

Plaintiff nevertheless points to other events preceding those hereinabove set forth which assertedly excuse the delay in bringing the action to trial.[1] Thus, although the original complaint was filed in December of 1959, for reasons not appearing, the first amended complaint was not filed until October

---

[1] The clerk's transcript prepared at plaintiff's request only partially supports the several matters to be mentioned; such deficiency has been supplied by the original file transmitted to this court under rule 12, Rules of Court.

11, 1960. Thereafter, a written demand, "pursuant to written stipulation" and dated January 4, 1961, was made on Hutton that it plead within ten days to plaintiff's amended pleading. A demurrer by Hutton was sustained and its answer to the second amended complaint was eventually filed on March 9, 1961. The answer of defendants Merrill Lynch and Grine was filed four days later, March 13, 1961. A memorandum for setting, however, was not filed until August 9, 1961; as noted earlier, on December 4, 1961, pretrial was set for March 28, 1962, and thereafter continued five times until finally taken off calendar on June 3, 1963 (the last time at the request of plaintiff's present counsel).

Plaintiff seems to suggest that the above events reflect the use of dilatory tactics on defendants' part, thus excusing his delay—it is asserted that Hutton sought and was granted "15 months to plead." Since there is nothing of record to indicate why the first amended complaint was not filed until October of 1960, Hutton had no duty to plead thereto, even absent the "stipulation" above mentioned, until ten months after suit was commenced; under such circumstances, the assertion is unwarranted. Furthermore, there is nothing of record to explain the unusual lapse of time between the filing of, defendants' answers and the memorandum for setting— almost five months. True, former counsel was then in control of plaintiff's litigation and continued in such control until December of 1962, three years after suit was filed, when his present attorney was substituted; but such representation by other counsel does not constitute excusable delay within the meaning of section 583, Code of Civil Procedure. (*Continental Pac. Lines* v. *Superior Court*, 142 Cal.App.2d 744, 754 [299 P.2d 417].) Citing the decision just mentioned, in *O'Donnell* v. *City & County of San Francisco*, 147 Cal.App.2d 63, 65-66 [304 P.2d 852], the court also makes reference to principles governing here: "The rule on which plaintiff relies does not contemplate that time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period."

Plaintiff also argues that there was some agreement or stipulation between his present counsel and defendants' attorneys that the latter desired to complete discovery before proceeding to trial, specifically, by taking his deposition; that in pursuance to such agreement defendants stipulated to

numerous continuances of pretrial conferences. An appendix to plaintiff's brief contains several letters exchanged between the parties' attorneys, one of which (dated May 4, 1964) expresses the desire of plaintiff's counsel that "discovery be completed this summer, so that the matters could be placed on the pre-trial calendar shortly thereafter." None of these letters was ever made a part of the record by lodgment with the clerk, although portions were read to the court at the time of the motion to advance. As noted earlier, however, there was no denial by plaintiff of the averment that when his deposition was called off (on or about November 23, 1964) his counsel was informed by letter that defendants' attorneys would not be available for such discovery until December or January; thereafter it is undisputed that plaintiff took no action until 16 days before the statute would have run. It must be presumed that the trial court considered the above averment, and insofar as it passed on the truthfulness thereof, the implied finding is conclusive. (*Preiss* v. *Good Samaritan Hospital*, 171 Cal.App.2d 559, 564 [340 P.2d 661].)

At the very most, and giving plaintiff the benefit of the inference sought to be deduced from the letters referred to above, there was possibly some understanding that the pretrial conference be taken off calendar subject to being reset at a mutually convenient time. While the statute provides that the time may be extended by a "stipulation in writing" between the parties, the cases hold that anything short of a written stipulation extending in express terms the time of trial beyond a five-year period will not suffice to toll the running of the statutory period. (*Miller & Lux, Inc.* v. *Superior Court*, 192 Cal. 333, 340 [219 P. 1006].) Accordingly a stipulation that the case might be dropped from the calendar to be restored upon five days' notice by either party has been held not to be within the statute. (*Prudential Ins. Co.* v. *Superior Court*, 117 Cal.App 528, 529 [4 P.2d 294].) The cited case also declares that after a case has been dropped from the calendar according to stipulation, it becomes the duty of plaintiff to see that the action is brought to trial. In the present proceeding, of course, the pretrial conference had not even been concluded, hence it was even more incumbent upon plaintiff to act with the diligence necessarily demanded of him in the circumstances.

If it be claimed, as appears to be the case, that defendants' past actions estopped them from validly opposing

the motion for an accelerated trial setting and thereafter moving to dismiss under the applicable statute, it is the rule that " 'Before estoppel can arise . . . there must have been a duty to act and a failure to act in accordance with the duty. . . .' " (*Preiss* v. *Good Samaritan Hospital, supra,* 171 Cal. App.2d 559, 563.) In that connection, "The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step." (*Oberkotter* v. *Spreckels,* 64 Cal.App. 470, 473 [221 P. 698].) Plaintiff relies on *Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1 [200 P. 616], where there was a long delay in bringing the case to trial at the repeated request of defendants and for their accommodation, and where (as noted by the court) "the attitude of defendants' counsel throughout was such as to lull the plaintiff into a sense of security as regards the provisions of section 583. . . ." (P. 5.) The facts are quite different here—we need only mention that the last continuance of the pretrial conference was at the request of plaintiff's counsel, after which he took no steps to restore the cause to the calendar although advised that plaintiff's deposition could not be taken in December of 1964, the last month of the fifth year from the commencement of the action.

Plaintiff's reliance on *Weeks* v. *Roberts, supra* (68 Cal.2d 802) is also misplaced. In that case it was concluded that 28 days is a reasonable time within which to set a matter for trial *which has been pretried.* Cited by the court were three cases in which judgments of dismissal were affirmed where periods of more than 28 days were involved, "but in each instance, the causes had not been pretried." (P. 808.) Also cited were three additional cases in which periods of less than 28 days were involved. Continuing, "Although these cases may continue to control setting matters encompassing pretrial and trial for periods of less than 28 days, a preferred procedure would be to grant preferential dates expressly without prejudice to a motion to dismiss. [Citations.]" (P. 808.) While in the instant matter the procedure above suggested

was not adhered to, it does not follow that any abuse of discretion is inherent in the subsequent order of dismissal from which the present appeal has been taken. Needless to say, such abuse must be shown before a reversal is warranted. (*General Ins. Co.* v. *Superior Court,* 245 Cal.App.2d 366, 372 [53 Cal. Rptr. 777].)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.