[L.A. No. 29750. In Bank. Aug. 16, 1971.]

TRESWAY AERO, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ELIZABETH MATILDA DENT, as Executrix, etc.,
Real Party in Interest.

**COUNSEL**

Wise, Kilpatrick & Clayton and John L. Fort for Petitioner.

No appearance for Respondent.

Dorothy Levin for Real Party in Interest.

**OPINION**

**TOBRINER, J.**—Petitioner Tresway Aero, Inc. [hereafter "defendant"] seeks mandamus to compel the Los Angeles County Superior Court to quash service of summons in the action of Dent v. Tresway Aero, Inc. (Superior Court No. SO C 13661) and to dismiss that action for failure to serve summons within three years of the filing of the complaint, pursuant to Code of Civil Procedure section 581a. We concur in defendant's contention that the summons served upon it did not comply with the requirements of Code of Civil Procedure section 410 respecting service upon corporations;[1] accordingly, the trial court should have quashed service. We observe, however, that plaintiff served defendant with the defective summons within the three-year period of section 581a; defendant then requested an extension of time in which to appear to a date more than three years from the filing of the complaint. By such affirmative action defendant effectively prevented plaintiff from discovering the defect in service until after the statutory period had run. We uphold the conclusion of the trial court that on these facts defendant is estopped to seek dismissal under section 581a.

On August 7, 1965, an airplane owned by defendant crashed, killing eight persons including James Dent. Plaintiff, as executrix of the estate of James Dent, brought a wrongful death action against defendant; the complaint was filed and summons issued on August 2, 1966. Plaintiff withheld service of summons pending litigation of another action against defendant arising out of the same airplane crash.

As of July 1969 the test case had been settled, and plaintiff engaged Alan Curtis to serve process on defendant. On July 22, 1969, Curtis arrived at defendant corporation's office and requested to see Ira Cree, an officer of the corporation. Curtis then encountered William Cree, Ira's

---

[1]Code of Civil Procedure section 410 was repealed effective July 1, 1970; its provisions concerning the notice on summons for service upon corporations or unincorporated associations now appear in Code of Civil Procedure section 412.30.

brother and defendant's attorney. Curtis had been informed by plaintiff's counsel that William was authorized to accept service for defendant; Curtis therefore delivered the summons to William and asked William to "take care of it." According to Curtis' declaration, William stated that he would "take care of it"; William's declaration stated that he said only "Thanks a lot." Curtis lost the original summons, but filed a declaration of service on July 28, 1969, showing service on "William Cree, who accepted service on behalf of Tresway Aero, Inc., a corporation."[2]

Code of Civil Procedure section 410 provided that "When the service is against a corporation . . . there shall appear on the copy of the summons that is served a notice stating in substance: 'To the person served: You are hereby served in the within action (or proceeding) on behalf of (here state the name of the corporation . . .) as a person upon whom the summons and a copy of the complaint must be served to effect service against said party. . . .' " The copy of the summons delivered by Curtis to William Cree did not contain this notice.

Shortly after defendant received the summons and complaint, defendant's present counsel[3] telephoned plaintiff's counsel and obtained a 20-day extension of time in which to answer the complaint. The three-year period for service of summons expired on August 4, 1969.[4] On August 11, 20 days after the attempted service by Curtis, defendant appeared and moved to quash service and to dismiss the action.[5] The trial court denied both motions, and defendant sought mandate.

---

[2]On September 14, 1969, Curtis filed an amended declaration of service of summons, in which he stated that he served "William Cree, who accepted service on behalf of Ira J. Cree, II, on behalf of Tresway Aero, Inc., a corporation." On September 15 the Superior Court approved the amended return *nunc pro tunc* as of July 22, 1969.

Since William Cree was authorized to accept service on behalf of defendant corporation, and Ira Cree was an officer of the corporation, service upon either William or Ira could constitute service upon the corporation (see Code Civ. Proc., § 411, repealed as of July 1, 1970, and replaced by § 416.10); we thus fail to discern any legal significance between the original and the amended return of service.

[3]Although William Cree apparently served generally as attorney for defendant, in both the present proceeding for mandamus and the superior court action defendant has been represented solely by the firm of Wise, Kilpatrick & Clayton.

[4]Plaintiff filed her complaint August 2, 1966. August 2, 1969, fell on a Saturday so the following Monday, August 4, 1969, became the last day for service and return of summons under section 581a. (See Code Civ. Proc., § 12a.)

[5]Defendant Ira Cree also appeared individually and moved to dismiss plaintiff's complaint insofar as it asserted a cause of action against him in his individual capacity. Since plaintiff had made no attempt to serve Ira Cree individually, the superior court granted his motion under Code of Civil Procedure section 581a. The dismissal as to Ira, in his individual capacity, is not at issue in this mandamus proceeding.

1. *The attempted service of summons on defendant did not comply with Code of Civil Procedure section 410, and should be quashed.*

Code of Civil Procedure section 411 provided that in a suit against a domestic corporation, summons may be served upon ". . . a person designated for service of process or authorized to receive service of process."[6] William Cree, in a declaration filed with the trial court, stated that "since 1965 . . . declarant has been a person authorized to accept service for said corporation [Tresway Aero, Inc.]." Consequently, service of process in proper form upon William Cree, as an agent of defendant corporation, would constitute service upon the corporation.[7]

The copy of the summons delivered to William Cree, however, did not contain the notice required by Code of Civil Procedure section 410. ▮ The provisions of this section are mandatory, and service of a summons which does not comply with those provisions is ineffective. (*National Union Fire Ins. Co.* v. *Superior Court* (1966) 247 Cal.App.2d 326, 329 [55 Cal.Rptr. 574].)[8] Plaintiff calls our attention to the conversation between William Cree and the process server, Alan Curtis, but we find no language therein to suggest that William Cree offered to waive compliance with section 410. ▮ Neither this conversation, nor defendant's subsequent acquisition of an extension of time in which to appear constitute a general appearance.[9]

---

[6]Code of Civil Procedure section 411 was repealed as of July 1, 1970; the subsection relating to service upon corporations was reenacted with some changes in language, in Code of Civil Procedure section 416.10.

[7]Since William Cree acknowledged that he was in fact authorized to accept service for defendant, we need not consider plaintiff's argument that defendant and William should be estopped to deny that he was so authorized.

[8]In *National Union Fire Ins. Co.* v. *Superior Court* (1966) 247 Cal.App.2d 326 [55 Cal.Rptr. 574], the plaintiff served the corporate vice-president. The vice-president was told at the time of service that he was being served in such capacity, but the copy of summons served did not contain the notice required by Code of Civil Procedure section 410. The Court of Appeal issued mandate to quash service and dismiss the action, stating that "the provisions of section 410 are . . . mandatory and . . . the purported service of summons upon National Union was and is ineffective." (247 Cal.App.2d at p. 329.)

[9]A stipulation extending time in which to plead is not a general appearance. (Code Civ. Proc., § 416.1, repealed effective July 1, 1970 and replaced by Code Civ. Proc., § 418.10, subd. (d); *Highlands Inn, Inc.* v. *Gurries* (1969) 276 Cal.App.2d 694, 699 [81 Cal.Rptr. 273]; *Chilcote* v. *Pacific Air Transport* (1937) 24 Cal.App.2d 32, 35 [74 P.2d 300].) Plaintiff cites *O'Keefe* v. *Miller* (1965) 231 Cal.App.2d 920, 923 [42 Cal.Rptr. 343], which held that defendants who agreed "to file a pleading" to plaintiff's complaint, and whose conduct showed their intent to submit to personal jurisdiction, had made a general appearance. William Cree's statement that he would "take care of" the summons and complaint, however, falls far short of an agreement that the corporation would make a general appearance. Michael Cullen's

2. *Defendant's motion for dismissal under Code of Civil Procedure section 581a is barred by estoppel.*

As of August 1969, Code of Civil Procedure section 581a read in part as follows:

"No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, . . . unless the summons shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided, that, . . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the state, or while he has secreted himself within the state to prevent the service of summons on him. . . .

"A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion, constitute a general appearance."

Earlier cases held that this section was mandatory and jurisdictional (see, e.g., *Gonsalves* v. *Bank of America* (1940) 16 Cal.2d 169, 172 [105 P.2d 118]); these decisions did not recognize any exceptions not expressly stated in the statute (see *White* v. *Superior Court* (1899) 126 Cal. 245, 247 [58 P. 450]; *Vrooman* v. *Li Po Tai* (1896) 113 Cal. 302, 305 [45 P. 470]; *Cahn* v. *Jones* (1950) 101 Cal.App.2d 345, 348 [225 P.2d 570]). This view of section 581a was substantially altered by our ruling in *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489]. In that case the defendant allegedly concealed himself to avoid service during the last two weeks of the three-year period. The trial court dismissed the action; we reversed, holding that the trial court had abused its discretion.

Although *Wyoming Pacific* involved a statutory exception to section 581a—concealment to avoid service—the court addressed itself more

declaration does state that defendant requested the 20-day extension of time "in which to answer," but this language does not purport to be a direct quotation of defendant's request. .

generally to the construction of section 581a and to the existence of non-statutory exceptions to its directive. We stated:

"Similar both in general purpose and language [to section 581a] are the provisions of section 583 of the Code of Civil Procedure requiring the dismissal of actions not brought to trial within five years after being filed. Despite the apparently mandatory language of that section, this court has found many 'implied exceptions' where it was 'impracticable and futile' to bring the action to trial within the designated five-year period. (*Rose* v. *Knapp,* 38 Cal.2d 114, 117 [237 P.2d 981], with cases cited.) Thus, discretion has entered into the application of this provision so as to prevent it from being used to compel the dismissal of actions where the plaintiff has not had a reasonable opportunity to proceed to trial. (See *Ojeda* v. *Municipal Court,* 73 Cal.App.2d 226, 232 [166 P.2d 49].)

"We are therefore of the view that notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583. As with the exercise of the court's other inherent and statutory powers to dismiss actions for want of diligence in either serving the summons or bringing the action to trial, the discretion permitted must be 'exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.' (16 Cal.Jur.2d, Dismissal, Discontinuance, and Nonsuit, § 30, p. 179.) Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances." (50 Cal.2d at pp. 740-741.)[10]

*Wyoming Pacific* discussed the implied exception of impracticability; the present case involves the venerable doctrine of estoppel. ■ This doctrine affirms that "a person may not lull another into a false sense of

---

[10]Code of Civil Procedure section 583 contains three provisions: (1) the court may, in its discretion, dismiss an action for want of prosecution if not brought to trial within two years of filing; (2) the court shall dismiss an action if not brought to trial within five years of filing; and (3) the court shall dismiss an action if not brought to trial within three years from the granting of a new trial. It is the second of these provisions—the five-year limitation—which *Wyoming Pacific* treated as analogous to section 581a. This portion of section 583 states that "Any action . . . shall be dismissed by the court . . . after due notice to plaintiff or by the court upon its own motion . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the state or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event such period of absence or concealment shall not be a part of said five year period."

security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct." (*Lovett* v. *Point Loma Development Corp.* (1968) 266 Cal.App.2d 70, 75 [71 Cal.Rptr. 709]; see *Carruth* v. *Fritch* (1950) 36 Cal.2d 426, 433 [224 P.2d 702, 24 A.L.R.2d 1403]; *Industrial Indem. Co.* v. *Ind. Acc. Com.* [*Varela*] (1953) 115 Cal.App.2d 684, 690 [252 P.2d 649].) Notwithstanding the desirability that actions be promptly filed and diligently prosecuted (see *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492]), we have held that a defendant may be estopped from raising the statute of limitations[11] and from urging the defense of failure to file a timely claim.[12] Although cases are in conflict[13] on whether a defendant may be estopped to seek dismissal for failure to bring an action to trial within five years (Code Civ. Proc., § 583), the most recent decision of this court upholds estoppel. (*Woley* v. *Turkus* (1958) 51 Cal.2d 402, 408 [334 P.2d 12].) We perceive no reason why the logic of such cases does not apply with equal force to section 581a; recognition of the doctrine of estoppel is essential if section 581a is to be applied " 'with a view of subserving, rather than defeating, the ends of substantial justice.' " (*Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 741 [329 P.2d 489].)[14]

Courts of Appeal since *Wyoming Pacific,* have recognized the applicability of estoppel under section 581a. In *Flamer* v. *Superior Court* (1968) 266 Cal.App.2d 907 [72 Cal.Rptr. 561], defendant's insurance agent represented to plaintiff that her action would be settled and that she need not see an attorney. Relying on these statements, plaintiff failed to serve summons within three years from the filing of her complaint. The trial court dismissed the action under section 581a; the Court of Appeal reversed, holding that "neither the apparently mandatory language of

---

[11]See, e.g., *City of Los Angeles* v. *Industrial Acc. Com.* [*Dillin*] (1965) 63 Cal.2d 255 [46 Cal.Rptr. 105, 404 P.2d 809]; *Carruth* v. *Fritch* (1950) 36 Cal.2d 426, 433 [224 P.2d 702, 24 A.L.R.2d 1403]; *Regus* v. *Schartkoff* (1957) 156 Cal.App.2d 382, 386 [319 P.2d 721].

[12]*Farrell* v. *County of Placer* (1944) 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323].

[13]Compare *Woley* v. *Turkus* (1958) 51 Cal.2d 402, 408 [334 P.2d 12] and *Govea* v. *Superior Court* (1938) 26 Cal.App.2d 27, 31 [78 P.2d 433]; with *e.g.,* *Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 529-530 [71 P.2d 205, 112 A.L.R. 1153] and *Miller & Lux, Inc.* v. *Superior Court* (1923) 192 Cal. 333, 340 [219 P. 1006].

[14]"Although a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds." (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]; see *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 390 [38 Cal.Rptr. 693].)

sections 581a and 583 nor decisional law preclude the court from refusing to dismiss an action under those sections upon the ground of a claim of estoppel in an appropriate case." (266 Cal.App.2d at p. 917.) *Hill* v. *Superior Court* (1967) 251 Cal.App.2d 746, 750 [59 Cal.Rptr. 768] accepted the principle of estoppel as an implied exception to section 581a, but found insufficient factual basis on the record before it for the establishment of an estoppel. *Smith* v. *Herzer* (1969) 270 Cal.App.2d 747, 751 [76 Cal.Rptr. 77] also noted that courts may create implied exceptions to section 581a, citing *Wyoming Pacific* and *Flamer*.[15]

██ Three cases have held as a matter of law that a defendant cannot be estopped from seeking dismissal under section 581a: *Siskiyou County Bank* v. *Hoyt* (1901) 132 Cal. 81, 83-84 [64 P. 118]; *White* v. *Superior Court* (1899) 126 Cal. 245, 247 [58 P. 450]; and *Sauer* v. *Superior Court* (1925) 74 Cal.App. 580, 584 [241 P. 570]. These cases long antedate our opinion in *Wyoming Pacific,* and, as the Court of Appeal noted in *Flamer* v. *Superior Court, supra,* rest upon an interpretation of section 581a rejected by that opinion. (See 266 Cal.App.2d at p. 912.) We disapprove those cases to the extent that they are inconsistent with *Wyoming Pacific* or with this present opinion.

We conclude that a defendant, although not served with summons within three years of the commencement of the action, may be estopped to move to dismiss that action under section 581a. It is contended, however, that estoppels under section 581a should be limited to those two circumstances in which previous decisions had imposed estoppels under sections 581a or 583: (a) a defendant makes a misrepresentation to a plaintiff who is not represented by counsel (*Flamer* v. *Superior Court* (1968) 266 Cal.App.2d 907 [72 Cal.Rptr. 561]; or (b) a defendant stipulates in open court to an extension of the statutory period (see *Woley* v. *Turkus* (1958) 51 Cal.2d 402 [334 P.2d 12]; *Govea* v. *Superior Court* (1938) 26 Cal.App.2d 27 [78 Cal.Rptr. 433]). In all other cases, the contention goes, the plaintiff's attorney may not rely upon the words or conduct of his counterpart, but must insist on a written stipulation extending the limitation period, and to fail to do so, it is implied, constitutes malpractice.

We perceive no logical reason why the doctrine of estoppel should be so restricted. Stipulations in open court are not the only words or conduct which reasonably and commonly induce reliance by counsel. When the defendant induces the plaintiff to delay service of summons, or to overlook

---

[15]See also *Bernstein* v. *Superior Court* (1968) 2 Cal.App.3d 700, 704 [82 Cal.Rptr. 775], in which the court "assumed" that an estoppel may bar dismissal under section 581a, but found no estoppel on the facts before it.

errors in service, and the plaintiff's reliance is reasonable, an estoppel is essential to prevent the defendant from profiting from his deception. In such a case, any distinction between words spoken in open court or over the telephone, or between words spoken to an attorney or to a layman would be purely arbitrary.

The concept of limited estoppel also conflicts with the principles set forth in *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489] [discussing section 581a], and in *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492] [discussing section 583]. Both cases emphasized the duty of the trial court to examine *all the acts and conduct* of the parties, and render a discretionary decision with a view to furthering the ends of justice. *Wyoming Pacific* stressed that the trial court's discretion "must be exercised . . . 'with a view of subserving, rather than defeating, the ends of substantial justice.'" (50 Cal.2d at p. 741.) We went on to say that "Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances." (*Ibid.*) *General Motors,* discussing section 583, held that "recognizing it would be impossible to identify every situation in which a mechanical application of Code of Civil Procedure section 583 would produce injustice, . . . the statute must be applied in light of all the circumstances in the individual case, including the acts and conduct of the parties. . . ." (65 Cal.2d at p. 96.)

We read *Wyoming Pacific* and *General Motors* as marking a change in judicial attitude away from "mechanical application" of sections 581a and 583. To limit estoppel to cases of representations to laymen and of stipulations in open court would be to return to a policy of mechanical infliction of injustice in the present case and in many cases to follow; it would make irrelevant any effort by the trial court to inquire into "all the circumstances in the individual case, including the acts and conduct of the parties" (*General Motors* v. *Superior Court, supra*); it would deprive the trial court in most cases of a tool—the doctrine of equitable estoppel—long found essential to subserve "the ends of substantial justice" (*Wyoming Pacific Oil Co.* v. *Preston, supra*); it would relegate section 581a cases to a special preserve in which deception pays, and technical precision prevails over substantial justice.

We turn now to the facts of the present case to determine whether an estoppel should be invoked against defendant Tresway Aero, Inc. Uncontroverted declarations filed by plaintiff show that defendant received a copy of the complaint and the defective summons on July 22, 1969, and shortly thereafter requested and obtained a 20-day extension of time in which to

make an appearance. The three-year period for service of summons under section 581a expired August 4, 1969. If defendant had been properly served on July 22, defendant's responsive pleading would have been due on August 1. (Code Civ. Proc., § 407, subd. 3.)[16] If defendant had appeared on or before August 1 and filed an answer or demurrer, that pleading would have constituted a general appearance within the three-year period, thus barring a dismissal under section 581a. If defendant, on or before August 1, had moved to quash service of summons, its action would have alerted plaintiff to the defective service in time for plaintiff to have effected valid service within the three-year period.

If defendant had done nothing, it would have been in default as of August 1, and plaintiff could have sought entry of default. Code of Civil Procedure section 410 (now Code Civ. Proc., § 412.30), however, specifically provided that "when service is against a corporation . . . and notice of that fact does not appear on the copy of the summons or a recital of such notification does not appear on the certificate or affidavit of service of process as required by this section, no default may be taken against such corporation. . . ." Thus the clerk, upon examining the return of service, would have refused to enter default; again plaintiff would have been alerted to the problem in time to have effected valid service before the statutory period elapsed.

In sum, defendant's maneuver in getting additional time to plead resulted in plaintiff's failure to serve summons within the period required by section 581a.[17] By requesting that extension, defendant led plaintiff to believe that further service of process on defendant would be duplicatory and redundant.[18] In *Carruth* v. *Fritch* (1950) 36 Cal.2d 426, 433 [224 P.2d 702, 24 A.L.R.2d 1403], which concerned the statute of limitations, we

---

[16] In 1969 Code of Civil Procedure section 407, subdivision 3, required a defendant to file a responsive pleading within 10 days of service, if served within the county in which the action was brought, or 30 days of service if served outside the county. Section 407 was repealed effective July 1, 1970, and replaced by section 412.20, subdivision 3, which requires a responsive pleading within 30 days of service regardless of the place of service.

[17] *Highlands Inn, Inc.* v. *Gurries* (1969) 276 Cal.App.2d 694, 699 [81 Cal.Rptr. 273]; *National Union Fire Ins. Co.* v. *Superior Court* (1966) 247 Cal.App.2d 326, 330 [55 Cal.Rptr. 574]; *Miles & Sons, Inc.* v. *Superior Court* (1960) 181 Cal.App.2d 151 [5 Cal.Rptr. 73]; and *Chilcote* v. *Pacific Air Transport* (1937) 24 Cal.App.2d 32, 35 [74 P.2d 300], all involved extensions requested and granted *after* the three-year period for service of summons had run. Thus, in those cases, the defendant's act in seeking an extension of time played no role in inducing plaintiff not to effect service of summons within the statutory period.

[18] "Actual fraud in the technical sense, bad faith, or an intent to mislead, are not essential to create such an estoppel." (*Industrial Indem. Co.* v. *Ind. Acc. Com.* (1953) 115 Cal.App.2d 684, 690 [252 P.2d 649]; *Denham* v. *County of Los Angeles* (1968) 259 Cal.App.2d 860, 867 [66 Cal.Rptr. 922].)

stated that " 'One cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought.' " Defendant's conduct in the present case lulled plaintiff into such a " 'false sense of security,' " and probably prevented plaintiff from discovering her error and effecting valid service within the statutory period.

We conclude that since the responsibility for plaintiff's failure to effect valid service within the period of section 581a rests upon defendant, "the ends of substantial justice" *(Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 741 [329 P.2d 489]) will be best served by estopping defendant from moving to dismiss under that section. Plaintiff's action against defendant thus remains viable, and the superior court should afford plaintiff a reasonable time in which properly to serve defendant.

Let a peremptory writ of mandate issue directing the superior court to quash the service of summons upon defendant on July 22, 1969; however, to the extent that the alternative writ sought to compel the superior court to grant defendant's motion to dismiss under Code of Civil Procedure section 581a, the alternative writ is discharged and the peremptory writ of mandate denied.

Peters, J., Mosk, J., and Burke, J., concurred.

**SULLIVAN, J.**—I dissent.

Although, like the majority, I cannot look with approval on "defendant's maneuver in getting additional time to plead," I cannot agree with them that such conduct operated to estop defendant from seeking dismissal on the ground of noncompliance with section 581a of the Code of Civil Procedure.[1] Neither can I agree with the strong implication of the majority —albeit in dictum—that in analogous circumstances a defendant would be estopped to seek dismissal under section 583 for failure to bring an action to trial within five years.

In sum, the majority in their efforts to fashion a result for the particular case have obscured and confused, if not uprooted, well-established rules whose former clarity was designed to insure certainty and precision in practice and procedure.

Section 581a, like section 583, contains *express* exceptions to the re-

---

[1]Hereafter, unless otherwise indicated, all section references are to the Code of Civil Procedure.

quirement of dismissal. Thus, an action will not be dismissed in spite of failure to serve the summons and make return thereon within three years if (1) "the parties have filed a stipulation in writing that the time may be extended," *or* (2) "the party against whom the action is prosecuted has made a general appearance in the action," *or* (3) defendant was not amenable to the process of the court during some portion of the three-year period, in which case the time is extended accordingly. (§ 581a, subds. (a) and (d).) It is clear that none of these express exceptions is applicable to this case.

Our opinion[2] in *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489] also indicates that *implied* exceptions similar to those applied under section 583 may also obtain in cases involving section 581a. Clearly then one cannot dispute that the implied exception of estoppel, which has long been recognized in cases interpreting section 583, may in similarly appropriate circumstances also have application in section 581a cases. However, to state that the doctrine of estoppel can have possible application in section 581a cases as a class is not to determine the circumstances under which it will be applied in a particular case.

The operation of the doctrine of estoppel in this area is best considered in the context of the reasons underlying the express "written stipulation" exception set forth in sections 581a and 583.[3] In the early case of *Miller & Lux Inc.* v. *Superior Court* (1923) 192 Cal. 333, 340 [219 P. 1006], we stated: "The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties."[4] Holding

---

[2]It has been pointed out that *Wyoming Pacific* involved the third express exception noted above and the discussion of implied exceptions in that case was not necessary to the decision (*Hill* v. *Superior Court* (1967) 251 Cal.App.2d 746, 754-755 [59 Cal.Rptr. 768]; Witkin, Cal. Procedure, 1967 Supp., p. 597.) The court in *Hill* observed: "A careful reading of the opinion in *Wyoming Pacific* in the light of these facts convinces us that the court did not in fact create an 'implied exception' to section 581a, but went no further than to apply the provision of that section that 'no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him.'"

[3]The rules governing the validity of a stipulation to extend time under section 583 are equally applicable to such a stipulation under section 581a. (*Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d 736, 740; *Miles & Sons, Inc.* v. *Superior Court* (1960) 181 Cal.App.2d 151, 153 [5 Cal.Rptr. 73].)

[4]In view of this language it is difficult to understand how the majority can state that "any distinction between words spoken in open court or over the telephone, or

that the mere insistence of counsel for the defendants that another case precede the three actions before the court was not sufficient to satisfy the requirements of section 583, we went on to explain: "Such an insistence falls far short of attaining the dignity of an oral stipulation in open court and certainly does not come within the category of written stipulations. The waiver of defendants' right to dismiss and a consent to an indefinite continuance can only be *implied* or *inferred* from such conduct. To hold that this inferential consent is the same as a written stipulation would be to give to this section a strained constuction, which, while it might relieve the harshness of the result in these particular cases, would be to render futile the salutary provisions of this section intended to secure preciseness of practice and procedure. The very harshness of the rule would seem to be intended to put the plaintiff on the *qui vive* to secure irrefutable evidence of the defendant's consent to an extension of the statutory time." (Original italics.) (*Miller & Lux Inc.* v. *Superior Court, supra,* 192 Cal. at p. 340.)

It is in view of these rational underpinnings that the implied exception of estoppel has been applied sparingly and in a very narrow area. The classic case is one where, although there has been no written stipulation extending time as provided for in the statute, the parties have appeared *in open court* and have made such a stipulation on the record. Here the thought is that the stipulation is in a sense "written" within the meaning of the statute because it is memorialized on the written records of the court. Even if it is not deemed to be "written" in that sense, it nevertheless meets the standard of certainty and precision exemplified by the express exception and avoids the dangers designed to be eliminated by it. "[I]f such a stipulation entered in the minutes of the court does not literally comply with the language of section 583, *supra,* it does estop the petitioner from thereafter making a motion to dismiss the cause for want of prosecution under such section; . . ." (*Govea* v. *Superior Court* (1938) 26 Cal.App.2d 27, 31 [78 P.2d 433]; see also *Preiss* v. *Good Samaritan Hospital* (1959) 171 Cal.App.2d 559 [340 P.2d 661].)

However, a legion of cases have held that *conduct* on the part of the defendant, however much it may operate to "lull [the plaintiff] into a false sense of security," is not sufficient to raise an estoppel to avoid the mandate of the applicable dismissal statute. (See, *for example, Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 67 [168 P.2d 665];[5] *Christin*

---

between words spoken to an attorney or to a layman would be purely *arbitrary."* (Italics added.) It is one thing to say that the distinction drawn by this court in *Miller & Lux* was erroneous; it is another to say that that distinction was arbitrary.

[5]"Certainly the oral stipulation 'that said matter would remain off calendar pending the return of Earl Bagby, Jr. to civilian status' is not, as such, competent to defeat the dismissal [citing *Miller & Lux*] . . . ." (28 Cal.2d at p. 67.)

v. *Superior Court* (1937) 9 Cal.2d 526, 529-530 [71 P.2d 205, 112 A.L.R. 1153];[6] *Grafft* v. *Merrill Lynch, Pierce, Fenner & Beane* (1969) 273 Cal.App.2d 379, 383-384 [78 Cal.Rptr. 42];[7] *Camille's Corp.* v. *Superior Court* (1969) 270 Cal.App.2d 625, 629-630 [75 Cal.Rptr. 868]; *Anderson* v. *Erwyn* (1966) 247 Cal.App.2d 503, 508-509 [55 Cal.Rptr. 634]; *Bella Vista Dev. Co.* v. *Superior Court* (1963) 223 Cal.App.2d 603, 613-614 [36 Cal.Rptr. 106];[8] *Mass* v. *Superior Court* (1961) 197 Cal.App.2d 430, 437-438 [17 Cal.Rptr. 549];[9] *Berger* v. *McMahan* (1953) 116 Cal. App.2d 328, 330-331 [253 P.2d 543];[10] *Hunt* v. *United Artists Studio* (1947) 79 Cal.App.2d 619 [180 P.2d 460];[11] *Breakstone* v. *Giannini*

---

[6]"It is suggested . . . that the conduct of petitioners [defendants] in delaying the action by the proceedings instituted for change of venue, and further by their acts inducing the plaintiff to allow the cause to go off calendar pending negotiations for settlement, justifies the application of the doctrine of estoppel. On this ground it is argued that the respondent court acted within its jurisdiction in denying the motion, and that consequently prohibition will not lie. But estoppel resulting from such conduct does not appear to be a proper ground for creating an exception to the terms of the statute. [Citing *Miller & Lux*]." (9 Cal.2d at pp. 529-530.)

[7]"If it be claimed, as appears to be the case, that defendants' past actions estopped them from validly opposing the motion for an accelerated trial setting and thereafter moving to dismiss under the applicable statute, it is the rule that ' "Before estoppel can arise . . . there must have been a duty to act and a failure to act in accordance with the duty. . . ." ' (*Preiss* v. *Good Samaritan Hospital, supra,* 171 Cal.App.2d 559, 563.) In that connection, 'The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. . . .' " (273 Cal. App.2d at pp. 383-384.)

[8]"The attempts of real parties in interest to find an excuse and therefore relief by estoppel in the conduct of petitioners [defendants] is fully answered by the court in *Miller & Lux Inc.* v. *Superior Court* . . . ." (223 Cal.App.2d at pp. 613-614.)

[9]"At best [the affidavit of the plaintiff] shows that petitioner's [defendant's] attorney was to inform him of a date satisfactory to petitioner, but without any agreement to waive the statute. Plaintiff, who has the burden of bringing the action to trial, must use diligence in doing so. [Citation.] Where plaintiff allows the three years to go by, he cannot make a case for diligence merely by showing that defendant stated he would let plaintiff know when he would be ready for trial. [Par.] Exceptions to the operation of dismissal statutes must be strictly construed. (See *Miller & Lux Inc.* v. *Superior Court.* . . .) Mere discussion of delay is not sufficient. There must be a specific agreement to waive the provisions of the section." (197 Cal. App.2d at pp. 437-438.)

[10]"Plaintiff filed a counteraffidavit in connection with the motion to dismiss in which he states that there were numerous conferences in an effort to negotiate and settle the case. He further stated that he had been led to believe through the various conferences had with counsel for the defendant that the matter would be negotiated and settled. . . . Plaintiff argues that under these circumstances the case should not have been dismissed. Negotiations for settlement do not except an action from the mandatory provisions of the statute." (116 Cal.App.2d at pp. 330-331.)

[11]"[N]either one nor all of the acts of respondent in orally acquiescing in such settings for trial had the effect of a written stipulation extending in express terms the time of trial to a date beyond the five-year period. The only means whereby

(1945) 70 Cal.App.2d 224, 231-233 [160 P.2d 887]; *Bank of America* v. *Moore & Harrah* (1942) 54 Cal.App.2d 37, 42-44 [128 P.2d 623];[12] *Elmhurst Packers* v. *Superior Court* (1941) 46 Cal.App.2d 648 [116 P.2d 487]; see generally 2 Witkin, Cal. Procedure, Proceedings Without Trial, §§ 29-30, 40-41, 48, pp. 1667-1669, 1677-1679, 1683-1684, and 1967 Supplement regarding those sections.)

The majority, however, purport to find in the case of *Woley* v. *Turkus* (1958) 51 Cal.2d 402 [334 P.2d 12] a fatal crack in this edifice of authority. *Woley* was a section 583 case in which the plaintiff filed a memorandum to set and notice of motion to advance for trial 19 days *before* the five-year period was to elapse. At the hearing on the motion "the defendant requested a continuance on the ground that nothing had been done in the case for almost five years and that the 12 days' notice was inadequate for trial preparation. *The request was made with the representation by the defendant in open court that the plaintiff was not to be prejudiced by such a continuance.*" (Italics added; 51 Cal.2d at p. 404.) Pursuant to this request and also pursuant to a written stipulation executed pursuant to the express exception set forth in the statute, the court granted a continuance to a date 15 days beyond the five-year period. However the action was not tried on the indicated date after defendant asked for further continuance. Finally defendant's motion to dismiss was granted on the ground that the written stipulation had extended the time only to the date 15 days beyond the mandatory period.

We reversed the judgment of dismissal on two grounds. First, recognizing that the written stipulation was of no effect beyond the date to which the cause was originally continued, we nevertheless held that the defendant's request for further time on that date, together with his earlier representation *in open court* that plaintiff would suffer no prejudice from contin-

---

the defendant is bound by a postponement of the date of trial to a time beyond the statutory period is by his written stipulation expressly extending the time beyond such period or by his express waiver by writing or in open court of his right to a dismissal . . . ." (79 Cal.App.2d at pp. 622-623.)

[12]"As its second proposition plaintiff invokes the doctrine of equitable estoppel to preclude defendant Harrah from seeking dismissal of the action the trial of which was delayed on his own motion. The argument is ingenious but to support it we should have to join plaintiff's able counsel in skipping over the lack of certain factual elements essential to its foundation, and, further, we should have to judicially write into section 583 of the Code of Civil Procedure provisions which the Legislature did not put there. . . . [Par.] It does not appear to us that a mere motion to place a case 'off calendar on the ground that he [defendant] had filed a petition in bankruptcy . . . and that he *should* be given time within which to procure a discharge to enterpose [*sic*] as a defense' can be construed as constituting either a factual basis for operation of the equitable principles above quoted or as the equivalent of a *stipulation in writing* . . . that the time might be extended." (54 Cal.App.2d at pp. 42-43.)

uance, were tantamount to an extension of time entered into in open court —which, on the authority of *Govea* v. *Superior Court, supra,* 26 Cal.App. 2d 27, 31, brought the case within the narrow rule of estoppel announced in that case. Second, we held that another implied exception in section 583 cases—to wit, that which excuses compliance with the mandatory provision when it is impossible, impractical, or a futile gesture to bring the matter to trial within the period (see *Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d 61, 67)—was applicable.[13]

Surely the *Woley* case is no authority for the broad rule of estoppel which the majority announce and apply in this case. Insofar as that case involves estoppel it is conceived only with the narrow implied exception set forth in the *Govea* case—an exception which is manifestly not involved in the instant case where none of the representations upon which the majority would base an estoppel occurred in open court.

Of the section 581a cases from which the majority seek to draw sustenance, only *Flamer* v. *Superior Court* (1968) 266 Cal.App.2d 907 [72 Cal.Rptr. 561] deserves any significant consideration.[14] There, according to plaintiff's declarations her attorney had been disbarred after the complaint was filed and summons served but before a return on the summons had been made. An agent of the defendant's insurer informed the plaintiff that it would not be necessary or wise to contact another attorney and that he, the agent, would contact her in order to discuss settlement. The Court of Appeal held that in light of these declarations the trial court properly refused to dismiss upon a section 581a motion by the defendant, but it issued a writ of mandate in order that the motion might be reheard so that "both sides [could] be given a reasonable opportunity to develop the facts on the issue of estoppel." (266 Cal.App.2d at p. 917.) This decision, although it therefore recognized the possibility of an estoppel outside the context of written or in-court stipulation, nevertheless was firmly grounded in the basic principle of *Miller & Lux*: "*A rule whose purpose is to prevent unseemly conflicts between counsel with respect to claimed oral stipulations and unethical conduct (Miller & Lux Inc. v. Superior Court, supra,* 192

---

[13]The case of *General Motors* v. *Superior Court* (1966) 65 Cal.2d 88 [52 Cal. Rptr. 460, 416 P.2d 492], which the majority seek to enlist in their cause by means of artistically selective quotation, is wholly concerned with this implied exception to the mandatory dismissal provisions of section 583. The language which the majority choose to quote, while perhaps applicable to a situation wherein it is claimed that compliance with section 581a was impossible, impractical, or futile (cf. fn. 1, *ante*), can have no bearing whatsoever when, as here, no such claim is made and the only question is whether the defendant's conduct estops him from seeking dismissal.

[14]The other two section 581a cases cited by the majority (*Hill* v. *Superior Court, supra,* 251 Cal.App.2d 746, *Smith* v. *Herzer* (1969) 270 Cal.App.2d 747 [76 Cal. Rptr. 77]) obviously provide no support for their position that estoppel should apply in this case; they are adequately distinguished in the majority opinion itself.

Cal. 333, 340; *Preiss* v. *Good Samaritan Hospital, supra,* 171 Cal.App. 2d 559, 565 [concurring opinion]) *should not be applied to permit a defendant to take unfair advantage of an uninformed plaintiff who through no fault of his own finds himself deprived of counsel after commencement of the action."* (Italics added; 266 Cal.App.2d at p. 917.)

It is manifest that the *Flamer* case provides absolutely no support for an implied estoppel exception of the scope claimed by the majority. At most *Flamer* stands for the proposition that estoppel may be applied when the policy considerations underlying the mandatory dismissal statutes are not pertinent to the case at bench because the plaintiff is without counsel. Surely it is no authority for the application of estoppel in a case where both parties are represented by counsel and those policy considerations are directly involved.[15]

In view of the foregoing authorities I am wholly at a loss to understand how the majority can conclude that the conduct of defendant's attorney in this case operated to estop defendant from seeking dismissal under section 581a. Plaintiff was represented by a duly admitted member of the California Bar who must be presumed to know that section 581a required him to serve the summons and make a return thereon within three years or obtain a written stipulation extending that time on pain of dismissal. That attorney, rather than acting promptly to fulfill the requirements of the section, waited until eleven days before the expiration of the three-year statutory period before he made any attempt to *serve* the defendant—even though the defendant was at all times amenable to process.[16] Shortly after service and return of the summons, defendant's attorney requested a 20-day extension of time in which to answer. Plaintiff's attorney presumably knew that if he did not grant the extension defendant's responsive pleading would have been due one day *before* the statutory time of section 581a expired, and that a responsive pleading filed on that day would have been a general appearance which would have barred dismissal under section 581a even if service had been defective. He also presumably knew that if he granted the extension of time beyond the statutory period defendant would be free to quash service if it were defective and thereby obtain a dismissal. There was only one course of action which would both protect his client the plaintiff and accommodate his brother at the bar, and that course of action was

---

[15]This distinction was recognized in *Camille's Corp.* v. *Superior Court, supra,* 270 Cal.App.2d 625, 630, where the court indicated that *Flamer* represented an "additional implied exception" to be applied only in cases in which the plaintiff was without counsel.

[16]The majority opinion indicates that the attorney delayed his service of summons because he was awaiting the result of a similar test case. It does not appear how practical considerations attendant upon the pendency of this other action justified the manifest risk of dismissal which was present in the instant action.

clearly set out on the face of section 581a: to require a written stipulation extending the statutory time for service and return of summons. By failing to do so plaintiff's attorney, under the unanimous body of authority which I have summarized above, left his client vulnerable to a fatal motion to quash service. That motion was duly made by defendant after the statutory time had expired and was properly granted by the trial court. The cases as I read them *required* that the subsequent motion to dismiss be granted.

Clearly such a result entails hardship for the plaintiff. However, to repeat what we said in *Miller & Lux Inc.* v. *Superior Court:* "To hold that . . . inferential consent is the same as a written stipulation would be to give to this section a strained construction which, while it might relieve the harshness of the result in these particular cases, would be to render futile the salutary provisions of this section intended to secure preciseness of practice and procedure." (192 Cal. at p. 340.) The fact that the client's reliance on his attorney to know the rules was misplaced, while it might give to that client legal cause for redress against his attorney, should not result in an obliteration of the rules themselves.

I would grant the petition in all respects and order issuance of a peremptory writ of mandate as prayed for.

Wright, C. J., and McComb, J., concurred.